PATRICK DOHERTY *vs.* GARRY MUNSON.

Hampshire.   Sept. 16. — Oct. 25, 1879.   AMES & ENDICOTT, JJ., absent.

A person, convicted before a trial justice of two distinct offences, and committed to the house of correction under two warrants, one legal and the other illegal, and held in custody under both warrants during the whole time of his imprisonment, is lawfully imprisoned; and the justice, if liable at all for issuing the illegal warrant, is liable for nominal damages only.

A question not raised at the trial is not open upon a report of the case.

MORTON J.   This is an action of tort for false imprisonment, brought against a trial justice.

It appears by the report that the plaintiff, on September 27, 1877, was brought before the defendant on two complaints. One charged him with keeping a disorderly house; upon this he was found guilty, and sentenced to confinement in the house of correction for the term of twelve months.   The other was for illegally selling intoxicating liquor; and upon this he was found guilty, and sentenced to pay a fine of fifty dollars and costs and to stand committed until the sentence was performed.   The plaintiff did not pay the fine and costs.   The defendant thereupon issued two warrants of commitment, which he delivered at the same time to a deputy sheriff, who committed the plaintiff to the house of correction, delivering the two warrants to the master of the house of correction, who held the plaintiff in his custody under both warrants during the whole time of his imprisonment.   The judgment of the magistrate upon the first-named complaint was erroneous, because the power of a trial justice extends only to an imprisonment for a term not exceeding six months.   Gen. Sts. *c.* 120, § 37.   But the judgment and commitment upon the other complaint were in all respects legal. St. 1875, *c.* 99, § 13.

The trial in the Superior Court appears to have proceeded upon the assumption by both parties that, upon these facts, the plaintiff was entitled to recover, the defendant contending only that the recovery must be for nominal damages.   The question whether a magistrate, who has jurisdiction of the subject-matter and of the person, is liable to an action for an erroneous judgment in imposing sentence, was not raised at the trial.   Upon

this report, we cannot consider this question, and express no opinion upon it. But we are of opinion that the defendant, if liable at all, is liable for nominal damages only. As we have before said, the judgment and commitment upon the complaint for illegally selling intoxicating liquor were legal and valid. The plaintiff during the whole time of his imprisonment was therefore held upon a legal warrant. , The fact that the master of the house of correction also held another warrant, which was illegal, did not affect the character of his imprisonment, and he sustained no damage thereby.

The plaintiff now contends that he was unlawfully imprisoned, upon the commitment for non-payment of the fine and costs, after the expiration of three months from his commitment, because he was entitled to be discharged under the provisions of the Gen. Sts. c. 180, § 6.

It is a sufficient answer to this that the question was not raised at the trial, and the report does not show that he was a poor convict entitled to the relief provided by that statute. In other words, the report does not show that he was illegally imprisoned upon the commitment for non-payment of the fine and costs, and we need not therefore discuss what might be the effect of such illegality, if it had existed, upon the question of the liability of the defendant.

The result is that, according to the terms of the report, judgment is to be entered for the plaintiff for one dollar.

*Judgment accordingly.*

*E. H. Lathrop*, for the plaintiff.
*A. M. Copeland*, for the defendant.