CHARLES FISHBEIN, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 31229.)

Court of Claims, March 12, 1953.

*Jacob E. Hurwitz* and *Martin Hurwitz* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Fred Zabriskie* of counsel), for defendant.

SYLVESTER, J.  This claim for false arrest and imprisonment, challenged by the State as insufficient in law, alleges:

On January 11, 1949, claimant, having pleaded guilty to abandonment in the Bronx County Court, was given a suspended sentence of one to two years in State's prison, and placed on probation for the period expiring January 11, 1951.  On April 17, 1950, a bench warrant was issued out of the court for claimant's arrest for alleged violation of probation and lodged for execution with the probation officer of the court.  It was not executed until August 30, 1951, though the probation period had expired on January 11, 1951.  Claimant was arraigned thereunder before the County Judge, found guilty of violation of probation and sentenced for a term of one to two years.  He was detained at the Bronx County Jail from August 30, 1951, to October 1, 1951, and thereafter at Sing Sing Prison until January 23, 1952, when he was released pursuant to a writ of habeas corpus.  The writ was grounded upon the determination that the claimant could not lawfully be arrested and imprisoned for a violation of probation subsequent to expiration of the probation period, there being no proof that he had absconded or remained in hiding subsequent to the issuance of the warrant and the State having failed to prove reasonable effort to execute the warrant within said period.

Recovery against the State is sought on the ground that the probation officer was guilty of false arrest and imprisonment and of negligence in the execution of a void warrant; and that the Judge of the Bronx County Court negligently and without jurisdiction committed claimant to prison.

The determination of the illegality of the arrest and imprisonment in the habeas corpus proceeding is binding here (*Nastasi* v. *State of New York*, 275 App. Div. 524, affd. 300 N. Y. 473).  But "it does not necessarily follow * * * that a determination of illegality of imprisonment gives rise *ipso facto* to a claim for damages for false arrest and imprisonment" (*Nastasi* v. *State of New York, supra*, p. 525).  In the case cited, claimant had been convicted on January 30, 1929, and a five- to ten-year sentence imposed.  He was paroled on September 3, 1932, declared delinquent on August 18, 1933, returned to prison and again paroled on November 26, 1934, to meet a Federal warrant.  He was thereafter discharged from Federal custody, placed

under New York State parole and again declared delinquent on October 6, 1936, but was not taken into custody under this latter warrant until April 18, 1941, when he was returned to prison " for violation of his second parole ". It was thereafter determined in a habeas corpus proceeding that the second parole was improper, that claimant was entitled to credit for the time he was at liberty and that consequently his maximum time had expired prior to April, 1941, with the result that the arrest on that date and the subsequent imprisonment were illegal. (*People ex rel. Nastassi* v. *Martin,* 267 App. Div. 629).

In dismissing the claim based upon this concededly illegal arrest and improper imprisonment, the court, per DEYO, J., stated at page 526: " The arresting officers and the confining authorities were under a duty to comply with this declaration and warrant, the invalidity of which was not determined until the decision in the habeas corpus proceeding had been handed down. They were not obliged to institute an inquiry in order to satisfy themselves that no error had been committed. They were confronted with what appeared to be a valid directive for the arrest and incarceration of the claimant, and in yielding obedience to it they did not subject themselves or the State to an action for false arrest and imprisonment."

Accordingly, it was held that the State was not liable for the acts of the arresting officers and prison authorities in executing in 1941 a warrant valid when issued in 1936 but which was void and of no further effect when executed.

Similarly here, the probation officer, directed on April 17, 1950, to execute a warrant of arrest, concededly valid at that time, was not required to pass upon its validity on August 30, 1951, on peril of subjecting the State to liability for damage. The legality of the imprisonment depended on whether the claimant had absconded. As Judge DAVIS said in the habeas corpus proceeding: " If I sustain this writ it will be upon the ground that the mere issuance of the warrant did not extend the time. The only extension of time was by reason of his absconding, remaining in hiding. Also that there must be proof of reasonable effort to execute the warrant." (*People ex rel. Fishbein* v. *Denno,* Sup. Ct., Westchester Co., Index 322/52; pp. 94–95 transcript of minutes set forth in claimant's memorandum.)

Clearly, it was not for the probation officer to adjudicate that issue. Rather, he was under a duty to comply with the judicial directive. He was, as the court stated in *Nastasi* v. *State of*

*New York* (275 App. Div. 524, 526, *supra*), "not obliged to institute an inquiry in order to satisfy [himself] that no error had been committed ".

It is alleged also that the County Judge was guilty of negligence and wrongdoing in improperly committing claimant subsequent to the expiration of the probationary period. This, it is maintained, makes the State liable for the error of the court. Claimant does not challenge the ancient doctrine of judicial immunity, which exempts judges from liability for acts performed in the exercise of the judicial function and which has " a deep root in the common law " (*Yates* v. *Lansing,* 5 Johns. 282, 291; *Murray* v. *Brancato,* 290 N. Y. 52). It is contended by claimant that the doctrine is inapplicable here for the reason that the court did not have jurisdiction of the person of claimant. But the contention is clearly untenable. The County Court was clothed with jurisdiction of the claimant from the time of his indictment. It placed him on probation after conviction and, as indicated by the Supreme Court in the habeas corpus proceeding, he could have been committed for a violation of probation upon a finding that he had absconded or remained in hiding during the probation period. That was an appropriate issue for determination by the County Judge and readily disposes of any question of the court's jurisdiction in the premises.

Here, as in the *Nastasi* case, jurisdiction of the person was obtained by service of the warrant valid in form. The error was in the judicial act of the County Judge in sentencing claimant for a violation of probation subsequent to the expiration of the probationary period. For the erroneous judicial determination neither the Judge nor the State is accountable (*Murray* v. *Brancato,* 290 N. Y. 52, *supra*; *Mudge* v. *State of New York,* 271 App. Div. 1039; *Lange* v. *Benedict,* 73 N. Y. 12; *Douglas* v. *State of New York,* 269 App. Div. 521, affd. 296 N. Y. 530; *Reilly* v. *State of New York,* 190 Misc. 862; *Porter* v. *State of New York,* 190 Misc. 739).

The claim is accordingly dismissed.

Let judgment be entered accordingly.