ESTHER Q. FARRELL, Claimant, *v.* STATE OF NEW YORK, Defendant.
(Motion No. 2399.)

Court of Claims, July 6, 1953.

*Bernard Cohen* and *Samuel Caplan* for claimant.

*Nathaniel L. Goldstein, Attorney-General* (*David V. Seaman* of counsel), for defendant.

MAJOR, J. This is a motion for permission to file a late claim against the State of New York, pursuant to subdivision 5 of section 10 of the Court of Claims Act.

The claim is for damages for loss of services and companionship, and for certain legal expenses incurred, and is based upon the alleged false imprisonment of claimant's infant daughter, Edna Post, by the Children's Court Judge of Saratoga County, who acted without jurisdiction.

It appears that a prior suit was brought by claimant against Saratoga County to recover these damages, and the complaint was dismissed as not stating facts sufficient to constitute a cause of action.

The facts are that on January 5, 1951, Edna Post, infant daughter of the claimant, was found to be a delinquent child in a proceeding before the Saratoga County Children's Court Judge. The infant was ordered committed to the custody of the County Welfare Commissioner, who, in turn, committed her to the Guardian Angel Home in Troy, New York, where the infant remained until June 29, 1951, and was discharged through a writ of habeas corpus obtained by her parents, for the reason that the Children's Court was without jurisdiction to order the original commitment, because a summons was not served on the child and her parents, as required by law. This ruling was affirmed on appeal.

1. The general circumstances, together with the legal questions involved in this matter, are sufficient reasons for the delay in filing a claim. However, before granting permission to file a late claim, pursuant to section 10 of the Court of Claims Act, it must first appear that the proposed claim states facts sufficient to constitute a cause of action. (*Skakandy* v. *State of New York,* 188 Misc. 214, affd. 274 App. Div. 153, affd. 298 N. Y. 886.)

2. The State is not an insurer of its officers, employees and agents, and by the enactment of section 8 of the Court of Claims Act, it created no new liabilities. Such section is a waiver of

the immunity enjoyed by the State from liability and action which might be imposed under circumstances where an individual or a corporation would be required to answer to an action for the same thing. The analogy between a government or individual or corporation has some inherent limitations. Immunity from suit without consent is not all that can be said about jural relations of a sovereign to its citizens. There are some functions which by their nature could impose no liability even if all sovereign immunity were fully waived. In our system of government, which consists of the three branches — executive, legislative and judicial — with its interlocked and delegated powers and authority to municipalities and various civil divisions of the State, it very often appears that the officers of the municipalities or civil divisions may at times perform their duties and functions as agents and representatives of the State, and at other times by performing functions and duties as agents, representatives and officers of the geographical subdivisions by whom they are appointed or elected, or to which their territorial jurisdiction is confined. With these governmental complexities, a standard fixed rule is out of consideration.

The designations of " state officer " and " state employee " as set forth in section 9 of the Court of Claims Act, if given their broad meaning, would include every officer engaged in performing a duty placed upon him by law, including Governor, Judges, members of the Legislature, city, town or village officials performing any function delegated to them by the State. Such an interpretation of the Court of Claims Act would lead to an absurd conclusion. The history of the development of our form of government demonstrates that officials, in performing certain functions of government, cannot by their official acts create a liability against the State. This applies to the judiciary.

A Children's Court Judge is a part of the State judicial system, but he is not an officer or agent of the State for the purposes of liability under the Court of Claims Act. The principle of " *respondeat superior* " does not apply. His acts are independent and without direction. He is elected and paid by the people of his county. His territorial jurisdiction is limited to the boundaries of his county. A County Judge, who is classified as a county officer in section 400 of the County Law, may also be the Children's Court Judge.

Moreover, where a judge acts without jurisdiction, he acts in a private capacity, and the responsibility is his own, for no other department of government has the power to control his acts on any principle of agency as we know it. (*Koeppe* v. *City of*

*Hudson,* 276 App. Div. 443; *Newiadony* v. *State of New York,* 276 App. Div. 59.)

The application for permission to file the claim herein is denied, on the ground that the claim attached to the motion papers fails to state facts sufficient to constitute a cause of action against the State of New York.

Order may be entered accordingly.