CHARLES FISHBEIN, Appellant, *v.* STATE OF NEW YORK, Respondent. (Claim No. 31229.)

Third Department, November 12, 1953.

*Martin Hurwitz* for appellant.

*Nathaniel L. Goldstein, Attorney-General* (*Wendell P. Brown* and *Henry S. Manley* of counsel), for respondent.

Foster, P. J. Appeal from a judgment of the Court of Claims dismissing a claim against the State upon the ground that it did not plead a valid cause of action against the State.

Substantially the following facts were alleged. On January 11, 1949, claimant pleaded guilty to the crime of abandonment and was sentenced by the County Court of Bronx County for a term of from one to two years in a State prison. The sentence was suspended and claimant was placed on probation for two years. By its terms the probationary period expired on January 11, 1951.

On August 30, 1951, after the probationary period had expired, claimant was arrested for a violation of said probation. That arrest was made pursuant to a bench warrant issued on April 17, 1950, by the Bronx County Court on its own motion. The violation charged was that claimant had failed to make required payments for the support of his children. On the date it was issued the warrant was lodged for execution with the Probation Officer of the Bronx County Court.

After his arrest under this bench warrant claimant was arraigned before the Bronx County Court, found guilty of a violation of his probation and sentenced to Sing Sing Prison for a term of two years. Subsequently he was released through a writ of habeas corpus because it was held that the Bronx County Court was without jurisdiction to sentence him for a violation of probation since his probationary period had expired.

The claim in question is divided into four parts: (1) for false imprisonment based on the acts and omissions of the parole officer; (2) negligence based on the acts and omissions of the parole officer; (3) for negligence and false imprisonment based on the conduct of the Bronx County Court; (4) neglect of official duty on the part of officers and employees of the State. The Court of Claims dismissed the claim on its face so far as the acts of the parole officer were concerned on the ground that the warrant was valid at the time it was issued and the parole officer was not required to pass upon its validity on the date it was executed at the peril of subjecting the State to liability, citing *Nastasi* v. *State of New York* (275 App. Div. 524) as an authority. So far as the sentence was concerned it was held that the County Court had jurisdiction of claimant, and that

the error committed in sentencing claimant for a violation of probation subsequent to the expiration of his probationary period was an erroneous judicial determination for which neither the Judge nor the State was accountable.

We think the *Nastasi* case (*supra*) may be distinguished from the present claim. There when the police officer executed the warrant he had no knowledge of any infirmity and the warrant was regular on its face. Here claimant alleges that the parole officer knew the warrant was void and that claimant's probationary period had expired. For the purposes of this appeal we must assume the truth of such allegations. This assumption somewhat lessens the force of the reasoning of the court below that the probation officer was under no duty to question the validity of the warrant. Under ordinary circumstances, and acting as a peace officer, he would have had no duty to question the warrant, but here it is alleged that he knew the warrant to be void and he was under no immediate direction of the court. The warrant had been lodged with him months before the arrest was made.

Insofar as the act of the sentencing Judge is concerned the decision rests upon firmer ground. The County Court was clothed with jurisdiction originally and that jurisdiction continued for the purpose of at least determining whether claimant had absconded or remained in hiding during the probationary period. Whether this inquiry was not made by the court, or made and erroneously determined, the effect is the same. The error committed was an erroneous judicial determination for which the State was not liable (*Mudge* v. *State of New York,* 271 App. Div. 1039; *Douglas* v. *State of New York,* 269 App. Div. 521, affd. 296 N. Y. 530).

That part of the claim which is based upon the acts of the parole officer, and under the allegations already referred to, states a valid cause of action against the State in our opinion if it is to be held that a county probation officer is a State officer or employee of the State. The State has waived immunity from liability and conferred jurisdiction on the Court of Claims to entertain claims for damages caused by the misfeasance or negligence of the officers or employees of the State while acting as such officer or employee. (Court of Claims Act, §§ 8, 9.) On appeal the State has raised the issue that neither the probation officer nor the County Judge was a State officer or employee, an issue not passed upon by the Court of Claims.

In our opinion the probation officer was not an employee of the State. He was an employee of a civil division of the State,

the County of Bronx, and even though he was exercising a governmental function that did not make him an employee of the State. The distinction has been so long recognized and so rarely questioned that it is difficult to find an authority on it. In *Paige* v. *State of New York* (269 N. Y. 352) it was impliedly recognized in the majority opinion and expressly stated in the minority opinion. Obviously if the contrary were true every teacher, fireman and policeman in every municipality of the State would be an employee of the State. To state this proposition is to refute it.

Whether the probation officer should be classified as a State or local officer presents a closer question. The line of demarcation has never been entirely clear. The members of the police department, the departments of health and education, in every city have generally been regarded as local officers because of the source of their appointment and the local limitation of their powers, although concededly they perform functions which affect the general public (*People ex rel. Werner* v. *Prendergast,* 206 N. Y. 405; *People ex rel. Fallon* v. *Wright,* 150 N. Y. 444; *Metzger* v. *Swift,* 258 N. Y. 440). Officers and employees of the Supreme Court whose functions are limited to a particular county, as well as officers and employees of County Courts, have been classified as local officers (1944 Atty. Gen. 204; 1925 Atty. Gen. 90).

The power to appoint a probation officer for the county of Bronx rests with the County Court of that county, who may appoint and at pleasure remove such probation officers as may be necessary (Code Crim. Pro., § 928). The court may even appoint nonsalaried, volunteer probation officers when necessary. An officer thus appointed shall serve in the Supreme and County Courts of the county (Code Crim. Pro., § 929).

A probation officer not only has duties to perform of a strictly probationary nature but he is also a peace officer (Code Crim. Pro., §§ 936, 937). As a probation officer he is required to make such reports to the State Division of Probation as that body may require, and he must follow general probationary procedure (Correction Law, § 14, subd. 2). However we are unable to see any cogent reason for classifying him other than as a local officer, within the language and intent of section 2 of the Public Officers Law, when he acts as a peace officer in making an arrest. There may be other situations where, in the exercise of strictly probationary duties, he might be classified as a State officer. We do not reach that question. In making the arrest here he simply acted as a peace officer and performed a function

that might have been performed by any policeman or peace officer. Under such circumstances he was not acting, in our opinion, as a State officer within the meaning and intent of the Court of Claims Act. It is quite inconceivable to us that the Legislature intended to open the door to claims against the State because of blunders and mistakes on the part of local peace officers.

The judgment should be affirmed, without costs.

BERGAN, COON, HALPERN and IMRIE, JJ., concur.

Judgment affirmed, without costs. [See *post*, p. 1093.]