Fredric T. Henry, J.
The plaintiff herein seeks damages from the Village of Seneca Falls for two causes of action based on false arrest and false imprisonment and for a third based on malicious prosecution. The facts, briefly, are these. On March 8, 1953 at about 10:30 p.m., plaintiff was arrested by two members of the police force of the Village of Seneca Falls. The charge was disorderly conduct, and the arrest was made without a warrant although plaintiff’s complaint alleges that no act constituting the offense was committed in the presence of the arresting officers. The first cause of action is based on these facts. After the arrest, an information was laid before the Police Justice of the Village of Seneca Falls, who issued a warrant charging a violation of subdivision 1 of section 722 of the Penal Law. Thereafter, because of a personal interest, the Village Police Justice disqualified himself, and on March 9, 1953 at about 12:45 a.m., the plaintiff was arraigned before a Justice of the Peace of the Town of Seneca, the town in which the Village of Seneca Falls is located. By the Town Justice, the plaintiff was committed to Willard State Hospital for examination. He secured his release from Willard by a writ of habeas corpus and thereafter obtained dismissal of the information and warrant. The second cause of action is based on the alleged erroneous committal by the Town Justice and the transportation of plaintiff to Willard by a police officer under the committal order. It is not certain what facts are the foundation for the *649 third cause of action, but it realleges the first two causes and further alleges that the action of the servants and agents of the Village of Seneca Falls were malicious and for reasons of personal gain.
These allegations are contained in plaintiff’s amended complaint. However, the notice of claim filed pursuant to section 50-e of the General Municipal Law, is not nearly so broad. It states as the nature of the claim, that on March 9, 1953 the plaintiff was ordered by an officer of the Village of Seneca Falls to be incarcerated in Willard State Hospital, and that the claim arose from the fact that on March 9 the plaintiff was then taken to Willard State Hospital by an officer of the Village of Seneca Falls. While subdivision 6 of section 50-e permits the amendment of the notice of claim, such amendment rests in the sound discretion o'f the court to be exercised only when the municipality will not be prejudiced thereby. The first and third causes of action in plaintiff’s amended complaint have no relation to plaintiff’s notice of claim. They are based on the different acts of different officers and set forth claims on greatly different legal theories, from those of which the village was given notice. It is impossible to hold, as a matter of law, that the Village of Seneca Falls would not be prejudiced by such a substantive amendment.
It remains, therefore, to determine if plaintiff’s notice of claim, supplemented by his pleadings and affidavits, sets forth any actionable matters. The committal order was entitled in the Village Police Court and' was signed by the Justice of the Town of Seneca as “ Justice of the Peace and Acting Police Justice ”, and plaintiff argues that he was the agent of the village in making the committal order. The affidavit of the village clerk, supplied upon the motion, shows that the Town Justice had never been appointed as an Acting Police Justice 'for the village. The office of town justice originates in section 17 of article VI of the New York State Constitution while that of the village justice stems from section 43 of the Village Law. The plaintiff was charged with a violation of the Penal Law, not of a municipal ordinance, and the Town Justice acted for the benefit of the People of the State as a whole and not particularly for the benefit of the People of the village. Moreover, the comparative jurisdiction of the respective courts is established by the Code of Criminal Procedure, and a reading of section 60 shows that the town justice of the peace acts within his own jurisdiction where the village police justice is unable to act. The town justice does not assume the role of acting police justice under section 60. Such designation is made only pursuant to section *650 187 of the Village Law. The same rales of agency apply to a municipal corporation as apply to any private person. In this instance, the village lacked power of appointment, power of direction or control, and the power of removal, all of which are the indicia of agency. By all tests, the town justice cannot be imputed to be the agent of the village.
In any event, the plaintiff’s claim based upon the acts of a judicial officer overlooks an important point. Apart from statute, there is no municipal liability for the torts of governmental officers. (6 McQuillin on Municipal Corporations [2d ed.], § 2800.) In New York, there is such a statute. Section 8 of the Court of Claims Act removes the immunity of the State for the torts of its officers and agents and consents that liability be determined according to the rules of vicarious liability applicable to private persons. Under section 8, it has been held that the civil divisions of the State lost their derivitive immunity even though their employees were engaged in a governmental function. (Bernardine v. City of New York, 294 N. Y. 361.) However, when the tort of a judicial officer came before the courts, it was said: ‘ ‘ A judicial officer is not an employee in the sense that the doctrine of respondent superior can be logically applied to his acts. Whether he belongs to a court of general or inferior jurisdiction he acts independently of any restraint or dictation except that found in the law. He is not subject to orders like a policeman, and he may not be discharged by the local authorities of the civil division where he may serve on an inferior court. In fact he is a part of an independent branch of the government, and the exercise of his judgment as to any matter before him is untrammeled and unfettered. ’ ’ (Koeppe v. City of Hudson, 276 App. Div. 443, 446.)
That case involved a City Judge, and the principle was followed in respect to the actions of a Children’s Court Judge in Farrell v. State of New York (204 Misc. 148). Both for the reason that the Town Justice was not the agent of the Village of Seneca Falls and that there would be no liability for the acts of a judicial officer in any event, the second cause of action alleged is insufficient. There remains the question of whether liability exists from the conduct of the police officer in taking the plaintiff from the court to Willard State Hospital under the order of committal. There is nothing in the pleadings or in the motion papers to show that the committal order was not valid or fair on its face. Under these circumstances, the officer was cloaked with the protection of the order. (22 Am. Jur., False Imprisonment, § 75.) While the arrest may have been tortious, the subsequent order of commitment, valid and fair on its face, *651 and issued by a court having jurisdiction under section 60 of the Code of Criminal Procedure, ended the period of false imprisonment by the officer. (Warner v. State of New York, 297 N. Y. 395.) The officer enforcing the order is not required to determine the validity of the order at his own risk. (Nastasi v. State of New York, 275 App. Div. 524, affd. 300 N. Y. 473; Fishbein v. State of New York, 204 Misc. 151, affd. 282 App. Div. 600, motion for leave to appeal denied 282 App. Div. 1093.) A pleading amended to conform to the notice of claim would be insufficient since neither the committal nor the act of the officer in transporting the plaintiff to Willard under it is actionable as against the Village of Seneca Falls.
Plaintiff’s motion to amend the notice of claim or in the alternative to amend his amended complaint to conform to the claims set forth in the notice of claim is denied. Defendant’s motion to dismiss each of the three causes of action .in the amended complaint is granted in its entirety. Such order shall be without costs since the parties have so stipulated. Submit order accordingly.