FRANK R. WILLIAMS, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 34104.)

Fourth Department, December 23, 1959.

416

*Hoffman & Hartnett (Robert W. Hartnett* of counsel), for respondent-appellant.

*Louis J. Lefkowitz, Attorney-General (Julius L. Sackman* and *Paxton Blair* of counsel), for appellant-respondent.

*Per Curiam.* We find in the record sufficient evidence to sustain the finding of fact by the Court of Claims that the claimant was arrested solely on the charge of driving without an operator's license. After the claimant had been taken into custody by the State Trooper on that charge and had been taken before the Magistrate, the State Trooper filed two informations, one charging the license violation and the other charging that the claimant had been driving with an unlighted rear light. The arrest without a warrant on the license charge was unlawful since the claimant had a chauffeur's license. The State Trooper was of the opinion that the license had been obtained improperly but this did not constitute the crime of driving without a license

and in any event it could not constitute a crime committed in the presence of the State Trooper.

The claimant was fined $10 on the insufficient light charge. He was sentenced to 15 days in the County Penitentiary on the license charge. The claimant did not have $10 in his possession with which to pay the fine but he asked permission to telephone his employer to obtain the money. This was refused and he was committed to the County Penitentiary for 10 days because of the nonpayment of the fine.

The Magistrate signed two commitments and the claimant was taken to the County Penitentiary. The next day the claimant's employer and the claimant's wife appeared and tendered the payment of the fine to the Warden but the tender was refused. Seven days later, in a habeas corpus proceeding in the County Court, the claimant was discharged from custody, the County Court Judge holding that the '' imprisonment is illegal by reason of lack of jurisdiction in that at the time of his arraignment the information of Trooper T. F. Gallagher failed to sufficiently set forth information constituting the crime of an unlicensed operator ''.

The Court of Claims properly awarded damages against the State for the false imprisonment brought about by the acts of the State Trooper. The period of detention of the claimant from the time of his original arrest to the time of his commitment was a wrong for which the State was clearly liable. The question of the State's liability for the period of detention pursuant to the order of commitment is a more difficult one but we think that, under the circumstances of this case, the State was properly held liable for that detention too. The order in the habeas corpus proceeding, from which no appeal was taken, constituted a conclusive adjudication that the order of commitment was void and that the imprisonment thereunder was illegal (*Post* v. *Lyford,* 285 App. Div. 101; *Nastasi* v. *State of New York,* 275 App. Div. 524, affd. 300 N. Y. 473). The information filed by the State Trooper on the license charge did not state facts sufficient to constitute the crime charged. The State Trooper thus committed an illegal arrest, followed by the filing of a void information, and the obtaining of a void commitment. Under these circumstances, the State Trooper's responsibility, and correspondingly the liability of the State, continued throughout the period of detention. An analogy may be found in the cases holding that a complainant is liable for false imprisonment if he files an information which does not state facts sufficient to give jurisdiction to the Magistrate and procures from the

Magistrate a void warrant of arrest and thereafter participates in the making of the arrest under the warrant (*Hewitt* v. *Newburger,* 141 N. Y. 538; cf. *Swart* v. *Rickard,* 148 N. Y. 264; *Blodgett* v. *Race,* 18 Hun 132).

It is argued that the illegal imprisonment of the claimant under the commitment on the license charge did not cause any damage because there was a valid commitment on the light charge but the State could not justify more than one day of the period of the detention on that theory, since the payment of the fine was tendered within one day of the commitment.

While we do not necessarily approve the method by which the trial court arrived· at the amount of the damages, we find that the total amount awarded was not excessive for the illegal arrest and consequent detention.

WILLIAMS, J. (dissenting). The claimant has received an award against the State of New York because of an alleged false arrest and he has been awarded damages from the time of the arrest until he was released from jail some seven days later. The majority of this court has sustained the award and thus necessarily approved the method of determining the amount of damages.

The claimant was driving a truck on the Thruway in the early morning in question concededly with an unlighted tail light in violation of section 15 (subd. 2, par. [a]) of the Vehicle and Traffic Law. He was stopped by a State Trooper for this reason only, the trooper having been alerted that a truck was approaching his station without a tail light. After the trooper stopped him, he arrested him on two charges, one, because of the defective tail light and the other for driving without a license in violation of section 20 (subd. 4, par. [a]) of the Vehicle and Traffic Law. He was promptly taken before a Justice of the Peace and informations were sworn on both charges. He first pleaded guilty to the tail light violation and was directed to pay $10, or in default of payment, he was sentenced to 10 days in jail. This conviction still stands unchallenged and even now claimant does not deny that he was driving without a proper tail light. The second information filed against him was because he was unlicensed. The State claims that he pleaded guilty on this charge. The claimant denies this inferentially but the great weight of evidence supports the fact that he did enter such a plea.

For the purpose of this discussion I am willing to concede that the second alleged arrest was unlawful and standing alone would constitute a basis for a recovery in false arrest. However, claimant was properly arrested upon the light charge

which was an arrestable offense in itself (*Squadrito* v. *Griebsch,* 1 N Y 2d 471; *People* v. *Space,* 182 Misc. 783, 785), although the Court of Claims Judge seemed to have had a contrary impression. It is therefore apparent from the record that he was arrested upon two charges, on one of which he was properly arrested.

> " But where an arrest is actually made upon more than one ground, and justification may be found in one of them only, that ground is available as a defense. If any of the causes which actuated an arrest is established, the justification is sufficient."

(*Wright & Taylor* v. *Leigh,* 229 Ky. 32, 35.) (See, also, *Noe* v. *Meadows,* 229 Ky. 53; *Waddle* v. *Wilson,* 164 Ky. 228; *Doherty* v. *Munson,* 127 Mass. 495.)

The award of damages for any period beyond the time of arraignment would clearly be improper even if there had been no lawful arrest. The State of New York would not be liable for judicial or quasi-judicial errors of the Justice of the Peace or for malfeasance or misfeasance of the Warden of the County Penitentiary nor for detention subsequent to the arraignment resulting from such mistakes or errors (*Warner* v. *State of New York,* 297 N. Y. 395, 400; *Jameison* v. *State of New York,* 7 A D 2d 944; *Koeppe* v. *City of Hudson,* 276 App. Div. 443, 445; *Berger* v. *Village of Seneca Falls,* 3 Misc 2d 647, 650; *Farrell* v. *State of New York,* 204 Misc. 148). Further, the State may not be held liable for mistakes of a county or local officer such as the Justice of the Peace or Warden (*Saunders* v. *State of New York,* 14 Misc 2d 881; *Jameison* v. *State of New York, supra*; *Fishbein* v. *State of New York,* 282 App. Div. 600; *Farrell* v. *State of New York, supra*).

The holding of the majority permits such a recovery. This award was compensatory only, no malice or other reason for punitive or exemplary damages having been found by the Trial Judge.

The habeas corpus proceeding mentioned in the majority opinion was completely unrelated to the lawful arrest for driving without an adequate tail light. The petition refers only to the arrest for driving without a license and the order refers only to that arrest and definitely excludes anything else, not only by lack of reference to the tail light violation but by a specific clause at the end of the order to the effect that the claimant should be released " from *such* imprisonment and restraint *unless he is being held upon some other charge* " (emphasis mine).

It is my opinion that the claimant made out no cause of action and that the judgment should be reversed and the claim dismissed.

All concur, except KIMBALL and WILLIAMS, JJ., who dissent and vote for reversal and dismissal of the claim in opinion by WILLIAMS, J. Present — McCURN, P. J., KIMBALL, WILLIAMS, GOLDMAN and HALPERN, JJ.

Judgment affirmed, with costs to the claimant.