Argued September 16, affirmed October 5, 1960

STORMS *v.* LAMBERT

355 P. 2d 766

*Howard R. Lonergan,* Portland, argued the cause and submitted a brief for appellant.

*Oscar D. Howlett,* Assistant District Attorney, Portland, argued the cause for respondent. With him on the brief was Charles E. Raymond, District Attorney, Portland.

Before McAllister, Chief Justice, and Rossman, Sloan, O'Connell, Goodwin and Howell, Justices.

SLOAN, J.

Plaintiff was arrested upon a Governor's warrant for extradition to Idaho. Oregon's procedure for extradition is governed by the Uniform Criminal Extradition Act found in ORS ch 147. Plaintiff applied to the circuit court of Multnomah county for a writ of *habeas corpus* as provided by ORS 147.100. Plaintiff contended he was not a fugitive from justice from Idaho and that the affidavit which identified him as the person charged with the commission of a felony in Idaho was false. He demanded a trial by jury to determine the facts and the trial court denied the request. The trial court denied the writ of *habeas corpus*. Plaintiff appeals. The question presented by plaintiff is stated in his brief:

> "States which do not adopt the doctrine of res judicata, or adopt it for subsequent actions only if against the state, may hold jury trial of fact issues in habeas corpus to be discretionary (*People ex rel Woodbury v. Hendrick*, 215 NY 339, 109 NE 486; *Fishbein v. State*, 204 Misc. 151, 120 NY S2d 92, affd. 282 App Div 600, 125 NY S2d 845) since this does not deprive the prisoner of any right and the State may constitutionally deprive itself of its rights.

> "But states like Oregon which have adopted fully the principle of res judicata for habeas corpus, *Barber v. Gladden*, 215 Or 129, 133; 332 P2d 641, 644, must afford a jury trial of the fact issues involved or this rule of res judicata will deprive the prisoner of his common law right to jury trial in a subsequent action for false return or false imprisonment."

ORS 147.100 provides:

"Rights of arrested person. No person arrested upon such warrant shall be delivered over to the agent whom the executive authority demanding him shall have appointed to receive him unless he has been informed of the demand made for his surrender and of the crime with which he is charged, and that he has the right to demand legal counsel; and if the prisoner, his friends, or counsel shall state that he or they desire to test the legality of the arrest, the prisoner shall be taken forthwith before a judge of a court of record of this state, who shall fix a reasonable time to be allowed him within which to apply for a writ of habeas corpus. And when such writ is applied for, notice thereof, and of the time and place of hearing thereon, shall be given to the public prosecuting officer of the county in which the arrest is made and in which the accused is in custody, and to the said agent of the demanding state."

Plaintiff is wrong. The only issue decided by the court in a proceeding governed by the above statute is limited to the validity of the prisoner's arrest. The requirements for a legal arrest in an extradition proceeding are found in ORS 147.050. They are:

"Facts documents must show. A warrant of extradition must not be issued unless the documents presented by the executive authority making the demand show that:

"(1) Except in cases arising under ORS 147.060, the accused, when demanded upon a charge of crime, was present in the demanding state at the time of the commission of the alleged crime and thereafter fled from that state;

"(2) The person demanded is in this state; and

"(3) They constitute full compliance with the requirements of ORS 147.030."

Section 147.200 of the extradition act is also pertinent:

> "When guilt of accused may be inquired into. The guilt or innocence of the accused as to the crime of which he is charged may not be inquired into by the Governor or in any proceeding after the demand for extradition, accompanied by a charge of crime in legal form * * *."

This court has considered the duty of the court in this respect before:

> "In this proceeding the guilt or innocence of the petitioner may not be inquired into, § 26-2620, 3 O. C. L. A. [ORS 147.200] Nor can we concern ourselves with the motives of his accusers, *Goodale v. Splain,* supra, nor with the wisdom of the statute of a sister state which the petitioner is charged with transgressing. If the petitioner was charged with crime in South Dakota and is a fugitive from the justice of that state, and that fact is made properly to appear to the governor of this state, it is his duty, under the Constitution and laws of the United States and the statutes of this state, to honor the requisition of the governor of South Dakota, and the court has no power to interfere unless it finds illegality in the proceedings. * * *" *Ex Parte Paulson,* 1942, 168 Or 457, 474, 124 P2d 297.

In *Defoe v. Pratt,* 1946, 179 Or 334, 348, 170 P2d 383, we said: "Whether the prosecution of plaintiff is actuated by malice or in good faith, merely presents a question of credibility to be accorded to or withheld from the testimony of the prosecutrix; and in effect bears exclusively upon the guilt or innocence of plaintiff." For other cases to like effect see "The Handbook on Interstate Crime Control" (rev ed) 1955, published by the Council of State Governments, at p 35.

The decision of the court is not, therefore, *res judicata* to those issues of falsity or malice which would be germane to an action for false arrest or malicious prosecution. Plaintiff is not barred from jury determination as to such issues in any action of the kind that may be available to him.

The judgment is affirmed.