Mblvih H. Ostermak, J.
This is a motion brought by the defendant for a dismissal of the above-captioned claim pursuant to subdivisions 1 and 4 of rule 107 of the Rules of Civil Practice, on the grounds that the court does not have jurisdiction to entertain the subject matter therein and that there exists a final judgment between the parties, and subdivision 4 of rule 106 of the Rules of Civil Practice on the grounds that the facts stated therein are not sufficient to constitute a cause of action.
This claim contains some 22 paragraphs and narrates a series of allegations regarding the alleged illegal confinement, detention and care of the claimant at the hands of various alleged officers of the State of New York. The claim is not separately stated and numbered as to causes of action and in order to determine the merits of this motion the court will divide all the allegations into four basic causes of action, to wit:
1. The alleged illegal commitment of the claimant by the Court of General Sessions to Matteawan State Hospital;
2. The alleged initial illegal receipt and confinement of the claimant at Matteawan State Hospital;
3. The alleged failure to properly examine the claimant at the said hospital resulting in a continuation of the alleged illegal detention; and
4. The alleged failure to properly treat the claimant medically at the hospital which resulted in the contraction of certain physical diseases;
With respect to the first cause of action, it appears that the claimant was committed to Matteawan State Hospital pursuant to order of the Court of General Sessions (Schurmah, J.), dated April 8, 1947. While the claim alleges that certain irregularities occurred which gave rise to this commitment and further that the court erroneously and illegally committed the claimant, there is no question that the committing court had jurisdiction over the claimant, that the commitment order was valid on its face and that it Avas so at the time of its receipt by the officials of Matteawan State Hospital. Under such circumstances, the State can neither be held liable for the judicial acts of the committing court (Fishbein v. State of New York, 282 App. Div. 600), nor can any claim for illegal detention be alleged because of the incarceration by State officials based on a valid commitment order (Warner v. State of New York, 297 N. Y. 395).
*967 Accordingly, the canse of action which is founded on the alleged illegal and wrongful commitment of the claimant by the Court of General Sessions is dismissed on the grounds that the facts stated are not sufficient to constitute a cause of action against the defendant and further that the court has no jurisdiction over the subject matter therein.
With respect to the second cause of action which is founded upon the alleged illegal detention of the claimant at Matteawan State Hospital pursuant to the aforesaid order of commitment, again the court has examined the moving papers and finds that the hospital initially detained the claimant pursuant to a valid order of commitment and as indicated above no liability can attach to those acts of detention ascribed to the State officials (Warner v. State of New York, supra; Brecka v. State of New York, 14 Misc 2d 317).
Accordingly, that cause of action which is founded upon the initial detention of the claimant at Matteawan State Hospital is dismissed on the ground that the facts stated are not sufficient to constitute a cause of action against the defendant.
With respect to the third cause of action, the claimant alleges that certain doctors and nonprofessional personnel at the hospital refused or neglected to examine her during the course of her confinement upon which examinations a determination of the claimant’s sanity could have been made in accordance with the commitment order of the Court of General Sessions. The claimant alleges that no examination of her was held, that certain officials prevented her from proving the veracity of her statements which they treated as delusions, that certain officials even prevented her from pursuing her legal remedies with respect to her alleged illegal confinement. The claimant states that all of these acts contributed to the continuation of her detention which then became illegal and further that these acts, being tortious in nature, rendered great damage to the claimant in preventing her from securing the release to which she felt she was entitled.
All of the allegations as contained in the claim are deemed true for the purposes of this motion and properly allege a cause of action. Accordingly, the court denies that portion of the motion which seeks dismissal of the allegations in the claim founded upon the actions of the State’s doctors and other hospital employees during the claimant’s confinement at Matteawan State Hospital.
With respect to the fourth cause of action, the claimant alleges that certain doctors and medical personnel of the defendant failed, neglected or refused to treat her for physical ailments *968 contracted at the hospital and further did negligently place the claimant in a position whereby she contracted certain diseases. Accepting these allegations as true for the purposes of this motion, there is no doubt that a valid cause of action for negligence and/or malpractice has been stated.
Accordingly the court denies that portion of defendant’s motion seeking dismissal of those allegations of the claim founded upon the defendant’s physical care and treatment of the claimant during her confinement at Matteawan State Hospital.
Finally, the defendant moves for dismissal on the grounds of a prior judgment between the parties, asserting that the dismissals of claimant’s writs of habeas corpus are res judicata and preclude the bringing' of this suit for illegal confinement. While it is true that the Supreme Court, Dutchess County, on September 1, 1954, by Doscher, J., and on November 12, 1954, by Gallagher, J., did dismiss the claimant’s writs, we find that such determinations did not litigate those items not dismissed above and are not res judicata with respect thereto. The causes of action relating to the alleged tortious action of the hospital officials in preventing the claimant from securing her release and their alleged failure or refusal to make the necessary examinations for the determination of her sanity are not matters finally adjudicated by the determinations of the aforesaid writs. Indeed the prior dismissals of claimant’s writs were not considered res judicata by the very same court in granting claimant’s writ and discharging her from confinement (order of Supreme CL, Dutchess County, Supple, J., July 18, 1957). It, therefore, appears to this court that the prior determinations of claimant’s writs of habeas corpus do not preclude her from now prosecuting those causes of action permitted to stand by the decision herein.
In sum, the court grants that portion of the defendant’s motion and dismisses the allegations in the claim which form the basis of causes of action relating to the alleged illegal commitment of the claimant by the Court of General Sessions and the receipt and initial detention of the claimant by Matteawan State Hospital; the court denies that portion of the motion seeking dismissal of those allegations in the claim which form the causes of action (1) based upon the alleged misconduct of the officers, agents and employees of the defendant in their failing, neglecting or refusing to properly examine and treat the mental condition of the claimant and preventing and restraining her from pursuing her rights with respect to her release from confinement and (2) relating to the alleged negligent care *969 and treatment of the claimant during her confinement resulting in the contraction of certain physical ailments.
The claimant is directed to serve and file an amended claim within 20 days after service of the order with notice of entry thereof, which shall separately state and number those allegations in the causes of action as to which the motion to dismiss is denied herein.
The court also has before it the claimant’s cross motion for examination before trial. In view of the court’s determination of the defendant’s motion to dismiss, the court denies claimant’s motion for examination before trial without prejudice to renewal thereof after her amended claim has been filed.