Argued July 25, affirmed August 27, 1973

KING, *Appellant, v.* MITCHELL (No. 386-700),
*Respondent.*

513 P2d 519

*Darrell E. Bewley,* Portland, argued the cause for appellant. With him on the brief was Francis F. Yunker, Portland.

*William R. Canessa,* Assistant Attorney General, Salem, argued the cause for respondent. With him on

the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

Petitioner appeals from a trial court order denying his petition for a writ of habeas corpus. He contends that the proceedings were defective for technical reasons, and the court should not have reached a decision until a writ of habeas corpus issued and return was made thereto.

Petitioner was arrested on July 24, 1972 on a fugitive warrant from California (ORS 147.130). He refused to waive extradition and was committed for 30 days pending the arrival of a Governor's warrant (ORS 147.150). During this period petitioner was released on recognizance (ORS 147.160). At the end of the 30-day period, the Governor's warrant had not arrived. The matter was continued pursuant to ORS 147.170 until August 31 when the fugitive warrant was dismissed on petitioner's motion because of the delay.

■ On September 18, 1972 a new warrant for petitioner's arrest was signed by the Governor of Oregon pursuant to ORS 147.070.[1] On September 25, 1972 petitioner appeared in court and was served. His attorney stated that he wished to challenge the validity of the warrant and the court gave until October 3, 1972 for the filing of habeas corpus pursuant to ORS 147.100, quoted in part, infra.

---

[1] The dismissal of the fugitive warrant is not a bar to a subsequent arrest on a Governor's warrant. Tiberg v. Warren, 192 F 458 (9th Cir 1911).

No such petition was filed, but instead, petitioner filed another motion to dismiss. The ground was the delay involved in obtaining the warrant. The trial court heard argument on October 17, 1972 and orally announced it would grant the motion.

Later, at a conference held between counsel and the court when findings were presented to be signed, the prosecuting attorney cited new authority to the court for reaching an opposite result and the court ordered reargument.

On December 13, 1972 reargument occurred. At this time petitioner's attorney filed for the first time a petition for a writ of habeas corpus. Counsel argued the merits of whether the previous dismissal of the fugitive warrant or the delay in obtaining the Governor's warrant was ground for releasing petitioner on a writ of habeas corpus. The trial court concluded that no valid challenge to the arrest had been made and ordered that petitioner be held for California. The petition for the writ and the motion for dismissal each was "denied" in the final formal order.

■ Petitioner claims that the court erred in reaching the merits of his habeas corpus petition on December 13, 1972 (that is, in determining that no valid challenge to the arrest had been made) and that the proper procedure would have been to issue a writ at that time and have a hearing on the merits after the formal return to the writ was filed.

The procedures after petitioner's arrests were prompted by petitioner's motions or petition. It is not very convincing for him to say that he should now benefit from what he claims was erroneous procedure initiated by himself. ORS 147.100 prescribes the pro-

cedure for an arrested person to follow in an extradition proceeding, saying that if

> "* * * he * * * desire[s] to test the legality of the arrest, the prisoner shall be taken forthwith before a judge of a court of record in this state, who shall fix a reasonable time to be allowed him within which to apply for a writ of habeas corpus. And when such writ is applied for, notice thereof, and of the time and place of hearing thereon, shall be given to the public prosecuting officer of the county in which the arrest is made and in which the accused is in custody, and to the said agent of the demanding state."

In *Storms v. Lambert*, 224 Or 189, 191, 355 P2d 766 (1960), the court said, with reference to ORS 147.100:

> "* * * The only issue decided by the court in a proceeding governed by the above statute is limited to the validity of the prisoner's arrest * * *."

At bar, that matter was presented to the court and argued at length by counsel when petitioner petitioned for a writ of habeas corpus. He did not request the court to require the procedure involving issuance of a writ and a return thereto (ORS ch 34). Nor does he state that if the allegations of his petition were proved in such a proceeding he would be entitled to relief. He did not request an evidentiary hearing.

Where both sides to such a controversy have joined issue on the petition for the writ and a decision of denial or dismissal of the petition has thereafter been forthcoming, such proceedings and action have been sustained. In such cases, no procedural issue such as that raised on appeal here appears to have been considered. *Mays v. Shields*, 251 Or 168, 444 P2d 949 (1968); *Fisco v. Clark*, 243 Or 466, 414 P2d 331 (1966);

*Storms v. Lambert,* supra; *Stewart v. State of Oregon,*
3 Or App 620, 475 P2d 600 (1970).

We conclude that petitioner's appeal is without
merit.

Affirmed.