Argued January 17, affirmed March 1, reconsideration denied April 12, petition for review denied May 23, 1978

STATE ex rel GROVES, *Appellant,*

*v.*

MASON, *Respondent.*

(No. C 77-06-08519, DA 136515, CA 9113)

575 P2d 679

Douglas S. Green, Portland, argued the cause for appellant. With him on the brief were Bailey, Welch, Bruun & Green, Portland.

James C. Rhodes, Assistant Attorney General, Salem, argued the cause for respondent. With him on

the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

JOSEPH, J.

## JOSEPH, J.

This is an appeal from an order discharging a writ of habeas corpus. Appellant had been arrested on an extradition warrant. The petition for the writ challenged the sufficiency of the extradition documentation and his identification as the fugitive person. On appeal only the documentation is in issue.

The statutory requirements for extradition are set out in ORS 133.753.[1] A demand is sufficient if it is accompanied by documentary proof that the person is duly charged with a "crime" in the demanding state and is subject to arrest there *or* that he has been convicted (or sentenced) in the demanding state and has escaped confinement or violated the terms of a conditional release. The judgment of conviction or the sentence imposed must be authenticated by the demanding executive authority.

It is virtually impossible to apprehend the basis for this appeal. The Fugitive Complaint issued pursuant to ORS 133.803 contains the following:

"That the defendant is charged with the crime of Escape, having been convicted of the crime of Attempted Aggravated Arson on March 23, 1973, in the Parish of Orleans Court, Section A, East Baton Rouge Parish, City of Baton Rouge, State of Louisiana, and having escaped

---

[1] ORS 133.753 states that:

"No demand for the extradition of a person charged with crime in another state shall be recognized by the Governor unless in writing and accompanied by a copy of an indictment found or by an information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon; or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole. The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy of indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the executive authority making the demand."

[ 65 ]

from custody following said conviction; that the defendant fled from justice from the said state and is believed to be within the State of Oregon."

It is urged that there is a fatal discrepancy between the complaint and the other documents, which are said themselves to be insufficient. The documents from the State of Louisiana, all duly authenticated, show that the Governor of that state demanded that the appellant be returned because he escaped after having been convicted and imprisoned for attempted aggravated arson (LSA RS 14:27; *see State v. Groves,* 306 So 2d 308 (La 1975)).

The closest appellant comes to a substantial issue is a claim that there is no "copy of a judgment of conviction or of a sentence imposed in execution thereof." What was forwarded from Louisiana was a properly authenticated copy of the information which charged appellant with the arson offense. On that document appear the following handwritten entries:

"1-24-73 after verdict, Court granted defense time to file pleadings. Sentence deferred without date.

"3-23-73 Defendant sentenced to serve nine (9) years at hard labor in custody of Director of Department of Corrections with credit for time served."

The attached authentications established that this document was the basis for appellant's being incarcerated. *See State ex rel Yarbrough v. Snider,* 2 Or App 97, 465 P2d 739 (1970), *rev den* (1970).

We conclude that the writ of habeas corpus was properly discharged, and we repeat what we said in *Ault/Gilbert v. Purcell,* 16 Or App 664, 669, 519 P2d 1285 (1974), *rev den* (1974), *cert den* 419 US 858 (1974):

"* * * The litigatory process of technical challenge to extradition papers where no issue of substantive justice is involved, although allowed by statute, is a waste of time, manpower and public money. Even were petitioners successful, the asserted error in this case, as in most preceding extradition cases, is of a hypertechnical

nature that can be easily corrected upon remand. Thus, even were they to prevail, there would be no substantial benefit to petitioners except that benefit which may accrue to them from the delay of their return to a demanding state."

Affirmed.