Argued and submitted May 8, reversed and remanded
for resumption of extradition proceedings December 1, 1981

## STATE ex rel EGGLESTON,
*Respondent,*
*v.*
## HATRAK,
*Appellant.*

(No. C80-09-33236, CA A20233)

636 P2d 1017

Richard David Wasserman, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

David L. Slader, Portland, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

## WARREN, J.

After a trial on a writ of habeas corpus filed by plaintiff to challenge extradition proceedings in Oregon, the trial court entered an order discharging plaintiff. The state appeals. We reverse and remand.

On September 18, 1980, a fugitive complaint was issued in Multnomah County Circuit Court, reciting that plaintiff had been charged in Kalamazoo, Michigan, with failure to appear in connection with a charge of delivery of a controlled substance and that a warrant for plaintiff's arrest had been issued on July 26, 1979. Sometime thereafter, plaintiff was taken into custody in Oregon on that complaint. On October 3, 1980, defendant requested a governor's warrant, which was issued in Oregon on November 3, 1980. That warrant and the accompanying demand documents from Michigan contained no reference to the charge of failing to appear. Rather, they recited that plaintiff had been charged in Michigan with delivery of a controlled substance and that a warrant for plaintiff's arrest had been issued on June 22, 1978.

In the petition for a writ of habeas corpus, plaintiff alleged that he was being imprisoned as a result of the governor's warrant and that his imprisonment was illegal because (1) the statutory requirements regarding form of an extradition demand under ORS 133.753[1] had not been met in the documents accompanying the governor's warrant; (2) the statutory requirements regarding facts

---

[1] ORS 133.753 provides:

"No demand for the extradition of a person charged with crime in another state shall be recognized by the Governor unless in writing and accompanied by a copy of an indictment found or by an information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon; or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole. The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy of indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the executive authority making the demand."

necessary to be shown in the demand under ORS 133.763[2] had not been met; and (3) plaintiff had not been identified as the party wanted by Michigan. The state made its return to the writ, and plaintiff designated as his replication the petition itself.

The trial court found that the photograph in the accompanying documents was that of plaintiff; hence, on the facts, the identification issue was resolved against plaintiff. The governor's warrant and demand documents were found to be internally consistent and the formal requirements of ORS 133.753 to be satisfied. The court nonetheless reasoned that the governor's warrant was "legally insufficient" to justify plaintiff's continued detention for extradition purposes, because the governor's warrant and the demand documents were not "substantially consistent" with the fugitive complaint with regard to the crime charged and the date of the Michigan arrest warrant.

■   Our scope of review here is as in an action at law. ORS 34.710; *Smallman v. Gladden,* 206 Or 262, 269, 291 P2d 749 (1956). We are bound by the trial court's factual findings, which serve to resolve two of plaintiff's three contentions of illegality. On the remaining point, the demand documents recite that the accused was present in Michigan at the time of the commission of the alleged crime, that he fled that state and that he was then in Oregon. There is no evidence to the contrary; thus, ORS 133.763 is satisfied. The only question before us is whether the trial court erred in finding the governor's warrant invalid due to its inconsistency with the prior fugitive complaint.

■   Plaintiff has not argued that his detention under the fugitive complaint was invalid, nor has he argued that

---

[2] ORS 133.763 provides:

"A warrant of extradition must not be issued unless the documents presented by the executive authority making the demand show that:

"(1) Except in cases arising under ORS 133.767, the accused, when demanded upon a charge of crime, was present in the demanding state at the time of the commision of the alleged crime and thereafter fled from that state;

"(2) The person demanded is in this state; and

"(3) They constitute full compliance with the requirements of ORS 133.753."

the governor's warrant was itself invalid. The Oregon Supreme Court has held that the only question in habeas corpus in this context is the validity of the arrest on the governor's warrant. *Storms v. Lambert,* 224 Or 189, 191, 355 P2d 766 (1960). Plaintiff argues that the arrest was invalid in the following respect: where the detention is unbroken from the time of the arrest on the fugitive complaint to production of the governor's warrant, the state is not entitled to arrest an accused on one crime and then, after the request for a governor's warrant, to arrest the accused on another crime. Plaintiff analogizes the fugitive warrant to a civil complaint, the request for a governor's warrant to a general denial, the governor's warrant to the proof, and the petition in habeas corpus to a motion to dismiss.

The only authority cited by plaintiff in support of his position is *Commonwealth ex rel Coffman v. Aytch,* 238 Pa Super 584, 587, 361 A2d 652 (1976), a case in which a prisoner had been held under a fugitive warrant beyond the 90-day maximum period under the Uniform Criminal Extradition Act. The court stated that because there had been no discharge from custody under the detainer, appellant could not be said to have been "rearrested" by production of a governor's warrant *after* a petition for a writ of habeas corpus had been filed. In *Com. ex rel Holcombe v. Stroda,* 266 Pa Super 39, 43-44, 402 A2d 1067, 1069 (1979), the Pennsylvania Superior Court distinguished *Coffman* by noting that relief is precluded where the prisoner fails to raise the issue before arrest under the governor's warrant, that is, where the petition for habeas corpus is filed after the arrest made pursuant to a valid governor's warrant. As in *Holcombe,* the petition here was filed after production of a valid governor's warrant. Moreover, ORS 133.807[3] does

---

[3] ORS 133.807 provides:

"If from the examination before the judge or magistrate it appears that the person held is the person charged with having committed the crime alleged, the judge or magistrate must commit him to jail by a warrant reciting the accusation for such a time specified in the warrant as will enable the arrest of the accused to be made under a warrant of the Governor on a requisition of the executive authority of the state having jurisdiction of the defense, unless the accused is released as provided in ORS 133.809, or until he shall be legally discharged."

speak in terms of the "arrest" of the accused to be made under the governor's warrant in a continuous detention situation. We thus find no support in the statutory scheme[4] for the claimed illegality, nor does the case law of other jurisdictions aid plaintiff. *See, e.g., Miller v. Warden,* 14 Md App 377, 287 A2d 57 (1972) (legality of arrest or custody under fugitive warrant not in issue after production of valid governor's warrant); *Bebeau v. Granrud,* 184 NW2d 577 (ND 1971) (that different crime was charged in fugitive warrant is not fatal to validity of governor's warrant).

In *King v. Mitchell,* 14 Or App 382, 383, n 1, 513 P2d 519 (1973), we noted that dismissal of a fugitive warrant does not bar a subsequent arrest on the governor's warrant. Hence, it can be said that the governor's warrant furnishes an *independent* basis for an accused's arrest and subsequent detention. Here, the governor's warrant itself has not been shown to be invalid. Plaintiff has not attacked the validity of the prior fugitive complaint or his detention thereunder and, even if he had, the petition for writ of habeas corpus was filed after the valid governor's warrant had issued. In short, plaintiff has not demonstrated that either phase of his imprisonment was invalid or illegal. The discrepancy found by the trial court did not invalidate the imprisonment of plaintiff under the governor's warrant. We have expressed disapproval of challenges to extradition proceedings on the basis of such hypertechnical defects. *See State ex rel Groves v. Mason,* 33 Or App 63, 66-67, 575 P2d 679, *rev den* (1978).

Reversed and remanded for resumption of extradition proceedings.

---

[4] Under ORS 133.807, n 3, *supra,* the accused held on a fugitive complaint is to be committed under a separate warrant for a definite period pending arrest under a governor's warrant. That implies that a request for a governor's warrant need not be made by the accused. The record does not indicate whether the commitment procedure here conformed to the statute.