55 CCPA

### Application of Paul W. MOORE and Robert L. McClain.

**Patent Appeal No. 7867.**

United States Court of Customs and Patent Appeals.

March 7, 1968.

John Cyril Malloy, Meredith Sparks, Miami, Fla., for appellants.

Joseph Schimmel, Washington, D. C. (Joseph F. Nakamura, Washington, D. C., of counsel), for Commissioner of Patents.

Before WORLEY, Chief Judge, CLARK, Justice,* and RICH, SMITH, ALMOND and KIRKPATRICK,** Judges.

KIRKPATRICK, Judge.

This appeal is from the decision of the Board of Appeals affirming the examiner's rejection on prior art of the two remaining claims in appellants' patent application serial No. 240,577, filed November 28, 1962, entitled "Reinforced Paper."

The invention is directed to the problem of newsprint paper tearing as it is fed from large supply rolls through newspaper printing machines. The application discloses that such tearing can be avoided by using paper which is reinforced by longitudinally extending strands or threads embedded in and extending along the opposite margins. The reinforcing threads are incorporated into the paper during manufacture by feeding them onto a moving screen on which paper pulp has been deposited and pressing them into the pulp between rollers to shape the finished product. The threads do not appreciably change the thickness, absorption characteristics or flexibility of the paper and do not interfere with its adaptability for use in newspaper printing.

The appealed claims read:

6. As an article of manufacture, an elongated strip of newsprint paper having first and second parallel side edges and of uniform thickness over its entire area, and first and second reinforcing threads of tension-resisting material, each said thread being imbedded in said strip along, and contiguous to a respective one of said side edges to extend continuously therealong, the area of said strip between said threads being free and clear of reinforcement.

7. The article of claim 6, said material being selected from the group consisting of silk and nylon.

The claims stand rejected on the following references:

| | | |
|---|---|---|
| Willcox | 80,105 | July 21, 1868 |
| Benedict | 1,766,096 | June 24, 1930 |
| Kilner | 1,994,396 | March 12, 1935 |
| Spratt (British) | 2,694 | of 1858 |

Willcox discloses paper for use in making articles such as paper collars. During manufacture of the paper, continuous linear strips of suitable strengthening materials are incorporated in the paper at locations which form those parts of the collars cut therefrom which require strengthening.

Benedict discloses a paper sheet formed on a paper-making machine by

---

* Associate Justice, retired, Supreme Court of the United States, sitting by designation.

** Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

feeding paper pulp and reinforcing strands onto the moving screen of the machine and consolidating the pulp and strands between rollers. The resulting paper has spaced longitudinally-extending strands embedded in it. The strands are described as "of any suitable fibrous or flexible material, such as cords formed from paper stock, twine, etc." It is pointed out that paper so formed cannot readily be torn and that, "even if the reinforcement strands be widely spaced, any breaking or tearing at points intermediate the strands will be localized and prevented from spreading, by the strands."

The Kilner patent points out that films made from viscose or other cellulosic solutions passed through a fine slit into a coagulating bath often break under tension, particularly at the marginal edges. It teaches prevention of such breaking by reinforcing the marginal edges with narrow strips of material introduced into the solution during production of the film. The strips are "of fabric, paper or other suitable material capable of withstanding the tensile strain to which the film is liable to be subjected during its production."

Spratt discloses combining yarn, threads or other similar materials with paper pulp as the pulp is formed into a sheet in a paper-making machine in order to add strength to the paper. The reinforcing elements, also described as "wires, threads, or fibres," become embedded in the paper in straight lines parallel to its length and a smooth uniform surface is attained.

██ The examiner, plainly relying on 35 U.S.C. § 103, rejected the claimed subject matter as obvious over either Benedict or Spratt in view of either Willcox or Kilner. The board sustained the examiner's rejection, although regarding Willcox as "no better than cumulative to Kilner." We agree with the board.

In the first place, Kilner's use of limited edge reinforcing would make it obvious to a person of ordinary skill in the art to confine the reinforcing of either Benedict or Spratt to the longitudinal marginal edges in cases where the weakness to be avoided was confined to the edges. We also think that such person, on observing that newsprint paper is subject to tearing and that the tearing starts at the edges, would find it obvious to embed continuous reinforcing threads of tension-resisting material along only the edges of such paper for the sake of economy and in order to retain the normal print-receiving properties of the main portion of the paper. Moreover, it would be obvious to make the paper of uniform thickness as would be expected to result from the rolling operation performed on the combined pulp and reinforcing threads in the paper-making machines of the references. It would further be obvious to select the material for the thread from common materials of adequate strength, such as silk and nylon.

Appellants emphasize that the reference patents do not refer to newsprint paper and urge that they have solved a long outstanding problem in connection with printing on such paper.

The very contention that tearing of newsprint paper has been a long outstanding problem accepts it as a fact that the tendency for such paper to tear has been common knowledge. In our opinion, one of ordinary skill in the art would have such knowledge and would, for the reasons pointed out above, be led by the prior art to appellants' arrangement for preventing tearing of the paper.

██ While evidence that an inventor has solved a problem long outstanding in the art is to be weighed in determining the question of obviousness,[1] we find nothing significant on that point in the present case. There is no evidence that appellants' structure has been used or accepted as a practical solution of the problem. The record thus fails to indicate that the absence of earlier use of the claimed structure resulted from anything more than practical or business considerations, as, for example, the economic factor of its increased cost over ordinary

1. Graham v. John Deere Co., 383 U.S. 1, 35, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966).

newsprint paper. Since the prior art suggests what appellants have done, In re Shaffer, 229 F.2d 476, 43 CCPA 758 (1956) and other authorities cited by appellants are not controlling.

The decision is affirmed.

Affirmed.

RICH and SMITH, JJ., dissent.