Argued July 11, affirmed September 5, 1968

RAYMOND MAYS, JR., *Appellant, v.*
BYRON SHIELDS, SHERIFF,
*Respondent.*

444 P. 2d 949

*Hollis C. Ranson, Jr.*, Portland, argued the cause and filed briefs for appellant.

*Billy L. Williamson*, Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before McALLISTER, Presiding Justice, and O'CONNELL and DENECKE, Justices.

O'CONNELL, J.

This is an appeal from a judgment dismissing a writ of habeas corpus by which plaintiff petitioner sought his release from custody under a warrant of arrest and extradition.

Plaintiff was charged in Wyoming with the crime of forgery. Before he was brought to trial he escaped from jail in Wyoming and travelled to Oregon where he was arrested and incarcerated in Multnomah County. The Wyoming authorities then sought to extradite him on a charge of escaping jail and aiding prisoners charged with a felony to escape from jail.

The governor of Wyoming sent to the governor of Oregon a request for the extradition of plaintiff supported by various documents including a copy of a criminal complaint dated October 6, 1964, and a copy of a criminal warrant dated May 6, 1964. The governor of Oregon issued a warrant of extradition, whereupon plaintiff instituted the present proceedings.

Included in the supporting papers attached to the request for extradition was a formal document executed by the prosecuting attorney of Goshen County, Wyoming and directed to the governor of Wyoming requesting him to take the necessary steps to arrest

plaintiff and return him to Wyoming. This formal request contained the following certification:

"I hereby certify that * * * there is hereto attached * * * a true and correct copy of said complaint * * *. There is likewise hereto attached * * * a true and correct copy of the warrant of arrest issued on said complaint * * *."

The request for extradition signed by the governor of Wyoming contained the following language:

"WHEREAS, It appears by the annexed papers duly authenticated in accordance with the laws of this State that * * * [plaintiff] stands charged with the crime of escaping jail * * * which I certify to be a crime under the laws of this State * * *."

Plaintiff contends that the warrant of extradition issued by the governor of Oregon was invalid on the ground that the governor of Wyoming did not authenticate the documents attached to the request for extradition as required by ORS 147.030, which reads in part as follows:

"No demand for the extradition of a person charged with a crime in another state shall be recognized by the Governor unless in writing and accompanied by a copy of an indictment found or by an information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon * * *. The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy * * * must be authenticated by the executive authority making the demand."

■ The request for extradition recites that "it appears by the annexed papers duly authenticated in accordance with the laws of this state" that plaintiff

was charged with the described crime. We regard this as an authentication of the supporting papers by the governor of Wyoming. The recital is to be interpreted to mean that since the governor regards the papers as "duly authenticated" he himself authenticated them and we hold therefore that the papers were authenticated as required by the statute.[1]

■ Plaintiff also attacks the extradition request on the ground that certified copies of the papers filed with the request show that the warrant on the escape charge is dated May 6, 1964 but the complaint is dated October 6, 1964. The trial court held that a typographical error had been made and that the date of the warrant was in fact October 6, 1964. Plaintiff challenges the trial court's finding on the ground that it is not supported by any evidence. Even conceding that the supporting evidence is lacking the warrant and complaint will be deemed to be valid in the absence of a showing by plaintiff that they are invalid. The prosecuting attorney of Goshen County, Wyoming certifies that the warrant was issued on the complaint. That recitation, supported by the governor of Wyoming's authentication of the complaint and warrant, will be accepted as a statement of the actual fact in the absence of proof offered by plaintiff that a warrant did not issue on the complaint.[2]

---

[1] Ex Parte Terranova, 170 Tex Cr 445, 341 SW2d 660 (1960). Cf., Hayes v. O'Connell, 263 SW2d 66 (Mo App 1953); Levine v. Warden of Women's Prison, 188 Misc 307, 64 NYS2d 337 (1946), affirmed 67 NYS2d 708 (1947); Ex Parte Paulson, 168 Or 457, 124 P2d 297 (1942).

[2] Accord, Lyle v. Kieback, 139 Colo 149, 337 P2d 392, 393 (1959):

" 'There is no contention that any of the documents certified as authentic by the Governor of Kansas are spurious. In the absence of such a showing the certification by the Governor is sufficient. State ex rel. Treseder v. Remann, 165 Wash. 92, 4 P.2d 866. See, also, 78 A.L.R. 412 and the annotation to the Remann case. * * *' ", quoting from Travis v. People, 135 Colo 141, 308 P2d 998.

■ Finally, plaintiff attacks the extradition proceedings on the ground that they were employed by the Wyoming authorities for an unlawful purpose. It was shown that previously plaintiff had been extradited to Wyoming from Oregon on a charge of forgery and that after he was incarcerated in Wyoming he was forced to defend a civil action related to the forgery charge and that this was in violation of Wyoming Statutes, Sec. 7-51 (1957) prohibiting civil actions under these circumstances. The prosecuting attorney for Goshen County, Wyoming represented the plaintiff in the civil action. This previous incident is relied upon as the basis for questioning the motive of the Wyoming authorities in requesting extradition in the present proceedings. The tenuity of the inference plaintiff asks us to employ would in itself be enough to deny the relief requested. But even assuming that there was an abuse of process in seeking extradition, it is not the function of this court or the trial court to examine the motives of those seeking extradition.[9]

Finding no substantial irregularity in the extradition proceedings, we affirm the judgment of the trial court.

---

[9] People ex rel Carr v. Murray, 357 Ill 326, 192 NE 198, 201, 94 ALR 1487 (1934); Ex Parte Paulson, 168 Or 457, 474, 124 P2d 297 (1942) (dictum). People v. Murray held unconstitutional a state statute requiring the court to examine motives of the demanding authorities for the reason that it was inconsistent with U. S. Constitution, Art. IV, § 2 and supporting statutes. *Cf.*, Pettibone v. Nichols, 203 US 192, 27 S Ct 111, 51 L Ed 148 (1906) holding consideration by the court of the motives of the authorities of the asylum state "immaterial and inappropriate."