**Ex parte Hernan FRAGA–BUENDIA.**

**No. 41584.**

Court of Criminal Appeals of Texas.

Nov. 13, 1968.

---

Owen, Brewster & Steinberger, by Frank Owen, III, El Paso, for appellant.

Barton Boling, Dist. Atty., John L. Fashing, Asst. Dist. Atty., El Paso, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

This is a habeas corpus proceeding in which, after hearing, appellant was remanded to custody for extradition to the State of California.

The Executive Warrant issued by Hon. John Connally, Governor of Texas, regular on its face, was introduced in evidence. It recites that it had been made known to the Governor of Texas by the Governor of California that Hernan Fraga-Buendia stands charged by indictment before the proper authorities with the crime of conspiracy to commit abortion, and that the demand was accompanied by copy of said indictment and supporting documents duly certified as authentic by the Governor of California.

The question presented was raised by the introduction in evidence of the documents offered by the state as the supporting documents referred to in the Governor's Warrant which reflect that appellant was convicted of the offense of conspiracy to commit abortion on December 26, 1967, and that on January 16, 1968, the imposition of sentence was suspended for a term of five years from said date during which time appellant was committed to the charge and supervision of the probation officer of San Diego County and of the court, and it was "further ordered that said defendant wholly abstain from violating any of the laws of the United States of America, and wholly abstain from violating any of the laws of the State of California, and wholly abstain from violating any of the ordinances of any municipality within this State; that defendant wholly abstain from engaging in criminal or unlawful practices of any kind; that defendant conduct himself in all respects as a reputable and law-abiding citizen; that defendant do not depart from the County of San Diego during said term of probation without the consent in writing of one of the Judges of the Superior Court of said County, or of the Probation Officer;

"That he report to the Probation Officer at such times and in such manner as directed and that he follow such course of conduct as may be prescribed by the Probation Officer; that he pay a fine of $1,000 plus $250 penalty assessment (13521 PC), forthwith to the Court; that he not violate any laws; that, when released from custody, he be allowed to return to the Republic of Mexico, and that he not re-enter the United States unless he is able to obtain the proper permission of Immigration Authorities."

And said documents include the following order revoking probation:

"It appearing to the court, from information presented, that the defendant has violated the conditions of probation granted him on January 16, 1968; that said violations are of a material nature and that, by reason thereof, said probation should be revoked;

"Now, Therefore, it is the order of the court that probation granted Herman Fraga Buendia on January 16, 1968 be, and the same hereby is, revoked.

"Done in Court Mar 29 1968."

and a "Warrant of Arrest for Judgment" which reads:

"The People of the State of California, to any Peace Officer in this State: Herman Fraga Buendia having been on the 16th day of January 1968, granted probation after conviction in the Superior Court of this County of the crime of Conspiracy to Commit Abortion (PC 182 & 274) and said probation having been revoked, you are therefore commanded to arrest forthwith the above-named Herman Fraga Buendia and bring him before this Court for Judgment.

"Done in Court: Mar 29 1968."

Appellant's counsel points to the portion of the probation order which provides that when released from custody appellant be allowed to return to the Republic of Mexico and that he not re-enter the United States unless he was able to obtain the proper permission from Immigration Authorities, and contends that since he was required to remain outside the confines of the State of California by the probation order he could not be considered a "fugitive" simply because he was not available in the State of California as such time as the said state desired his presence.

Appellant's brief also points to the fact that his probation was revoked in his absence and without any findings or basis other than "from information presented," and to the fact that, in the absence of a showing to the contrary, the California law is presumed to be the same as the laws of Texas under which the revocation of probation order would not be sufficient.

There is nothing in the record to show that appellant returned to the Republic of Mexico and thereafter re-entered the United States—lawfully or unlawfully, nor does the record reflect that probation was revoked for violation of the condition that he not depart from the County of San Diego, or the condition that he not re-enter the United States unless he was able to obtain the proper permission of Immigration Authorities.

Whether the revocation order made in the absence of the probationer without notice and without findings supporting same is valid is not controlling. If, under California laws, the revocation order is valid, appellant's extradition for the purpose of sentence was authorized.

On the other hand, under Texas law (Art. 42.12, Sec. 8, Vernon's Ann.C.C.P.)

"At any time during the period of probation the court may issue a warrant for violation of any of the conditions of the probation and cause the defendant to be arrested,"

and under the Uniform Criminal Extradition Act, Art. 51.13, Sec. 3, V.A.C.C.P., extradition is authorized when the demand is accompanied by copy of the indictment found, or by a judgment of conviction together with a statement of the Executive Authority of the demanding state that the person claimed has broken the terms of his probation.[1]

■ The sole question we are called upon to decide is whether appellant was properly remanded to custody for extradition to answer the indictment against him in the felony case where sentence has not been imposed. Whether he has violated the terms of his probation and whether probation has been or should be revoked is for the California Courts.

■ We hold that the prima facie case for extradition made by the admission in evidence of the Executive Warrant issued by the Governor of Texas, regular on its face, was not defeated by the demand and supporting documents offered in evidence by the respondent.

The judgment is affirmed.

1. California is one of the States that has adopted the Uniform Criminal Extradition Act.