Argued October 9, reversed with instructions December 11, 1968

STATE ex rel YARBROUGH, *Appellant, v.*
SNIDER, *Respondent.*

448 P. 2d 379

*William M. Sloan,* Grants Pass, argued the cause for appellant. On the brief were Johnson, Telfer & Sloan, Grants Pass.

*Michael S. Killoran,* District Attorney, Grants Pass, argued the cause for respondent. With him on the brief was Robert M. Burrows, Deputy District Attorney, Grants Pass.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and MENGLER, Justices.

PERRY, C. J.

The petitioner Timothy George Yarbrough appeals from an order of the circuit court discharging his writ of habeas corpus and remanding him to the custody of the respondent sheriff of Josephine county.

The petitioner's detention arises out of a requisition of the Governor of California demanding the return of the petitioner as a fugitive from justice on the basis of escape from legal custody. The Governor of the state of Oregon decided that the demand should be complied with and issued the warrant for petitioner's arrest.

ORS 147.030 provides:

"No demand for the extradition of a person charged with crime in another state shall be recognized by the Governor unless in writing and accompanied by a copy of an indictment found or by an information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon; or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the *executive authority* of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole. The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy of indictment, information, affidavit, judgment of conviction or sentence must be *authenticated by the*

*executive authority making the demand."* (Emphasis supplied.)

ORS 147.070 provides:

"If the Governor shall decide that the demand should be complied with, he shall sign a warrant of arrest, which shall be sealed with the state seal, and be directed to a sheriff, marshall, coroner or other person whom he may think fit to entrust with the execution thereof. *The warrant must substantially recite the facts necessary to the validity of its issue."* (Emphasis supplied.)

ORS 147.030 requires that the demand for extradition be in writing accompanied by copies of indictments or other records which show the commission of a crime, or a copy of a judgment of conviction or sentence imposed and statement of escape from confinement duly authenticated by the executive of the demanding state.

At the hearing held in the circuit court of Josephine county numerous copies of records were in evidence which we may presume accompanied the demand and were placed before the Governor of this state, but none disclose anywhere their authentication by the Governor of California. The demand was not introduced at the hearing. Neither does the warrant issued by the Governor of this state show that the demand was authenticated by executive authority as required by ORS 147.070.

■ The act of congress which prescribes the procedure necessary to put into effect the power to extradite persons charged with crime in one state and found in another also requires authentication by the governor of the demanding state. *Ex Parte Paulson,* 168 Or 457, 124 P2d 297.

■ Since there appears from the record made to support the warrant for arrest issued by the Governor of the state of Oregon that there was no authentication of the required documents by the Governor of the demanding state, this cause must be reversed with instructions to discharge the petitioner from custody.

Reversed with instructions.