(No. 41636.—

THE PEOPLE *ex rel.* Richard Melton Davis, Appellant, *vs.*
HAROLD FARNER, Sheriff, Appellee.

*Opinion filed March 27, 1969.*

GEORGE MORGAN, Public Defender, of Marion, for appellant.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

Richard Melton Davis appeals from an order of the circuit court of Williamson County which denied his petition for a writ of *habeas corpus* and directed that he be held by the sheriff of Williamson County for delivery to agents of the State of Texas pursuant to an extradition warrant issued by the Governor of Illinois upon the requisition of the Governor of Texas.

The facts were stipulated: Davis was convicted of the crime of robbery with firearms in the circuit court of Dallas County, Texas, and sentenced to 10 years imprisonment, to commence on April 15, 1964. On September 10, 1964, he was released by the Texas authorities for trial in a Federal

district court in Texas and, upon conviction under the Federal bank robbery statute, he was sentenced to the Federal penitentiary. On September 27, 1964, he was booked out of the Dallas jail as a State prisoner and booked in as a Federal prisoner. He was later transferred to a Federal penitentiary in Oklahoma and eventually to the Federal prison at Marion, Illinois. When he was released by the Federal authorities on June 17, 1968, upon completion of his Federal sentence, he was detained by the sheriff of Williamson County pursuant to the extradition warrant.

Davis contends that he is not a fugitive from justice because Texas waived its jurisdiction over him when it released him to Federal authorities in 1964. To support that contention he relies in part upon decisions of this court involving similar claims of waiver of jurisdiction by Illinois by reason of the release of Illinois prisoners to other jurisdictions, (See, *People ex rel. Barrett* v. *Bartley,* 383 Ill. 437; *cf. People ex rel. Milburn* v. *Nierstheimer,* 401 Ill. 465), and in part upon *Shields* v. *Beto* (5th cir. 1967), 390 F.2d 1003, in which the Court of Appeals held, in the unusual circumstances of that case, that the release of a Texas prisoner to Louisiana before the expiration of his Texas sentence constituted a waiver of jurisdiction over him.

It is at once apparent that the interest of Illinois in this matter arises only from the fortuitous circumstance that Davis was released from a Federal penitentiary located in this State. On the other hand the State of Texas has a very direct interest: that State requests his return to complete the service of his sentence, and it is that State's authority over him which is alleged to have been waived. An examination of Texas authorities indicates that the Court of Criminal Appeals of that State has taken the position that when Texas is a disinterested asylum State, as is Illinois in this case, it will not decide the merits of a claim that a demanding State has waived its juridition by relinquishing a prisoner to Federal authorities. In the opinion of that court, "it

is for the Court [of the demanding state] and not this Court to adjudicate the question of their jurisdiction." *Ex parte Escarrega,* 388 S.W.2d 192 (Tex. Ct. Crim. App. 1965). *Cf. Ex parte Fraga-Buendia,* 433 S.W.2d 695 (Tex. Ct. Crim. App. 1968). In our opinion this is the appropriate course for us to follow in the present case. Whether Texas has waived jurisdiction can most appropriately be determined by the courts of that State.

The judgment of the circuit court of Williamson County is affirmed.

*Judgment affirmed.*