STATE EX REL. WESTLUND, Appellant, v. NEHLS, Sheriff, Respondent.

*No. 362. Argued June 4, 1969.—Decided June 27, 1969.*
(Also reported in 168 N. W. 2d 866.)

380

For the appellant there was a brief and oral argument by *A. W. Lueck* of Beaver Dam.

For the respondent the cause was argued by *William A. Platz,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

ROBERT W. HANSEN, J. This defendant has been in prison or on parole since 1955—either in Wisconsin or in the state of Texas. In his words:

"I was convicted ten years out of Chippewa County in 1955, and did until 1958 when I came out on parole . . . Then to Texas and I got in trouble down there with robbery by assault and I stayed in the County Jail until July 7 or 9, 1959. I was sentenced then . . . I stayed in the Huntsville Prison in Texas until November, 1962. Then I was paroled to Waupun State Prison from Texas, and I was in Waupun from November until April, 1965. Then I was released on parole to the State of Wisconsin. I went home and was out until June, 1966, when I violated in Clark County and I got another three year sentence and run concurrently with what I had. Came back to the prison, and was there a couple of months or so and Texas put a parole violation detainer against me."

It is this parole violation detainer from Texas that is being challenged. Essentially, petitioner's counsel contends that because the latest burglary occurred in Wisconsin, it does not justify the state of Texas in having the petitioner returned to that state as a parole violator.

The basic contentions are:

(1) No Wisconsin statute authorizes the return of petitioner to Texas;

(2) When Texas paroled petitioner to Wisconsin it waived jurisdiction;

(3) Return of petitioner would be violative of the federal constitution and statutes.

WISCONSIN STATUTES.

We hold that the applicable Wisconsin statutes do authorize the return of a parole violator to the state from which he was paroled.

Sec. 964.02, Stats., provides that it is the duty of the governor of this state to deliver to the executive authority of any other state any person charged in that state with crime, who has fled from justice and is found in this state.

Sec. 964.03, Stats., provides for the extradition of a person charged with crime in another state where there is alleged in writing that the accused ". . . has broken the terms of his bail, probation or parole."

Sec. 964.23, Stats., provides for the return to this state of a person who has been convicted of a crime in this state and has ". . . broken the terms of his . . . parole."

These are, of course, parts of the Uniform Criminal Extradition Act. Texas, the other state here involved, has also enacted identical material provisions of this Uniform Act. (Art. 51.13, sec. 25b, Code of Criminal Procedure.) The interstate highway thus created has two-way traffic. That is the exact purpose of the Uniform Act. Deferring the issue raised as to constitutionality, the Uniform Act clearly envisions and provides for the extradition as a fugitive from justice one who has violated the terms of his parole in the demanding state. His status as a parolee, making him subject to the conditions of his parole until his sentence has expired, keeps him in the status of a "person charged with

crime" and returnable as a "fugitive from justice" if the conditions of parole are violated. Such conditions of parole are not suspended by a parolee crossing state boundaries. It is a valid condition of parole that the parolee not return to criminal activity anywhere. The "where" of such prohibited criminal conduct is incidental. If he violates the conditions of parole by committing a crime in another state, he has still forfeited his entirely conditional right to be outside the prison for the balance of the term for which he was originally sentenced.

NONWAIVER BY TEXAS.

Both the Wisconsin and Texas statutes specifically negative the contention of petitioner that when Texas paroled petitioner back to Wisconsin, it waived its jurisdiction over him. This nonwaiver provision in the statutes of both states expressly provides: "Nothing in this chapter contained shall be deemed to constitute a waiver by this state of its right . . . to regain custody of such person by extradition proceedings or otherwise for the purpose of trial, sentence or punishment for any crime committed within this state . . . ." *See* art. 51.13, sec. 25b, Code of Criminal Procedure, which is identical to sec. 964.27, Wis. Stats.

Whether the petitioner was returned to Waupun by extradition or, as appears more probable, by the route of the Interstate Compact for Out-of-State Parolee Supervision, the Texas and Wisconsin statutes establish a mutual, reciprocal understanding that the paroling state does not waive its continuing jurisdiction over the parolee and does not waive its right to enforce the conditions of the parole.

CONSTITUTIONAL QUESTION.

What troubles petitioner's counsel most is the idea that a state may not punish anyone for an act committed outside its borders. Can something done in Wisconsin

result in crime in Texas, his brief asks. The answer is that the crime was committed by petitioner in Wisconsin, but its commission was a breach of the condition of his release from prison and parole in Texas. For the crime against the state committed in Wisconsin, he is to be punished only in Wisconsin. For the breach of the condition upon which his living on parole in Wisconsin was authorized, he can be returned to Texas. There is neither double jeopardy nor double punishment involved.

The crime for which he is returnable to Texas remains the crime committed in Texas for which he was initially sent to the Texas penitentiary. Of his status while on parole, it can be said as the Kansas court phrased it:

". . . a convict, on parole, although permitted to go outside the prison walls, is still in legal custody and subject at any time to be taken back within that institution . . . he is subject to the direction and control of the authorities placed in charge of that institution." *In re Tabor* (1952), 173 Kan. 686, 250 Pac. 2d 793, cited in *Hunt v. Hand* (1960), 186 Kan. 670, 352 Pac. 2d 1.

Neither the federal constitution nor federal enactments have taken from the states the right to maintain such supervision and enforce such conditions as to parolees during the period of their parole. In fact, in this case, there is no conflict whatsoever between the applicable federal and state laws. It is not a requirement under either that a "fugitive from justice" be solely one who has left a particular state to avoid prosecution or trial. It is enough that the person to be extradited was in the demanding state at the time of the commission of the crime for which he is being prosecuted or for which his status as parolee derives. The state's concern with perpetrator of a crime within such state does not end with his being found guilty of the offense involved. It includes and extends to the enforcement of the conditions of his parole which are designed to promote rehabilitation more than as part of a punishment

procedure. The alternative result of considering a Wisconsin robbery conviction no legitimate concern of parole authorities in Texas makes neither good law nor sound public policy.

*By the Court.*—Order affirmed.