Argued January 22, affirmed February 26, petition for
rehearing denied March 24, 1970. Petition for review
denied by Supreme Court April 28, 1970

# STATE ex rel YARBROUGH, *Appellant, v.*
# SNIDER, *Respondent.*
### 465 P2d 739

*William M. Sloan,* Grants Pass, argued the cause for appellant. On the briefs were Johnson & Sloan, Grants Pass.

*Robert M. Burrows,* Deputy District Attorney, Grants Pass, argued the cause for respondent. With him on the brief was Michael S. Killoran, District Attorney, Grants Pass.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

The plaintiff, Timothy George Yarbrough, appeals from a judgment of the circuit court discharging his writ of *habeas corpus* and remanding him to the custody of the sheriff of Josephine County.

As in his previous appeal, where the Oregon Supreme Court reversed a similar judgment of the same trial court (*State ex rel Yarbrough v. Snider,* 252 Or 35, 448 P2d 379 (1968)), the plaintiff's detention arises out of a requisition of the Governor of California demanding the return of the plaintiff as a fugitive from justice on the basis of escape from legal custody. The Governor of Oregon issued a warrant for plaintiff's arrest.

In the previous case, *State ex rel Yarbrough v. Snider,* supra, it was held that the supporting documents from California did not contain the authentication by the Governor of California required by ORS 147.030. For this reason the judgment of the lower court was reversed and the prisoner was ordered released. Subsequently, new proceedings were commenced and a new warrant was issued by the Gov-

ernor of California on the basis of documents forwarded by the State of California. The record shows that the Governor of California certified that these documents "are authentic and duly authenticated in accordance with the laws of the State of California." In *Mays v. Shields*, 251 Or 168, 444 P2d 949 (1968), it was held that such an authentication fulfills the requirements of ORS 147.030.

■ Plaintiff now contends that the copy of the judgment required by ORS 147.030, which was forwarded from California, is insufficient in that it is "an abstract of judgment." ORS 147.030 requires a copy of the "* * * judgment of conviction or sentence * * *." The requisition, it is true, states the annexed papers include an "Abstract of Judgment." The document thus identified is entitled:

"ABSTRACT OF JUDGMENT
(Commitment to State Prison
as provided by Penal Code Section 1213.5)."

This document is two pages long, and has the usual content of a complete judgment. The plaintiff complains that this is only an abstract of the judgment, but he overlooks the certification of the court clerk that these records are "full, true and correct copies of the original INFORMATION, COMPLAINT AND *JUDGMENT* on file" in his office, and that they constitute a "full and complete exemplification of the documents in the same cause *and of the whole thereof*." (Emphasis supplied.)

■ The plaintiff also contends that the decision in *State ex rel Yarbrough v. Snider*, supra, makes *res judicata* these proceedings. The documents in the first proceeding were not authenticated in the manner re-

quired by law. Therefore, the substantive questions involved could not be adjudicated in that case.

In *Wells v. Sheriff, Carter County,* 442 P2d 535 (Okla Cr 1968), a *habeas corpus* proceeding, where it was held that under the facts there a previous judgment in an extradition proceeding was *res judicata,* the court said:

"* * * [T]his decision is not to be confused with those situations wherein the writ of habeas corpus is granted because of the insufficiency of the extradition papers, or other procedural defects which may be subsequently corrected * * * for in those situations the granting of a writ of habeas corpus *may not* be res judicata, as to a subsequent extradition demand." 442 P2d 541.

Affirmed.