Submitted on the briefs August 16, affirmed September 21, petition for review denied November 3, 1971

HIDALGO, *Appellant, v.* PURCELL, *Respondent.*

488 P2d 858

N. Robert Stoll, Portland, for appellant.

Jim G. Russell, Assistant Attorney General, and Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem, for respondent.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

LANGTRY, J.

Petitioner appeals from denial of his application for a writ of habeas corpus. He had been con-

victed of crime in California and placed on parole. A term of his parole was violated when, without permission, he moved to Oregon. California sought extradition from the Governor of Oregon, which was granted. In his petition for habeas corpus, seeking to prevent extradition, petitioner contends that he is not "charged with a crime," and therefore he may not be extradited.

United States Constitution, Art IV, § 2, provides that

"A Person charged * * * with * * * Crime, who shall flee from Justice, and be found in another State, shall * * * be delivered up * * *."

ORS 147.020, enacted pursuant to this constitutional mandate, provides that "any person charged in that [other] state with * * * crime" shall be delivered up by the executive of this state.

In essence, petitioner contends that his California "charge" of crime became merged in his conviction thereof, so that he does not fall within those who must be "delivered up" under the constitution and statute. Apparently this question has not previously been adjudicated at the appellate level in Oregon. However, the questions involved have long been uniformly settled in other jurisdictions.

In *Drinkall v. Spiegel*, 68 Conn 441, 445-47, 36 A 830, 36 LRA 486 (1896), the question was identical to that in the case at bar. The court said:

"* * * The plaintiff insisted * * * that having been convicted of * * * the crime of burglary, he could not be said now to be 'charged with that crime;' * * *.

"* * * * *

"An offender against the justice of one State can acquire no rights by defrauding that justice.

\* \* \* The expression 'charged with,' \* \* \* includes \* \* \* the responsibility for the crime. \* \* \* It is in this \* \* \* sense that the expression is used in [Art IV, § 2 of] the Constitution. \* \* \* A person can be said to be charged with crime as well after conviction as before. \* \* \*"

In *Anderson v. Corall*, 263 US 193, 196, 44 S Ct 43, 44-45, 68 L Ed 247, 254 (1923), where petitioner was a parole violator from another state, the United States Supreme Court said:

"\* \* \* [V]iolation of the parole \* \* \* was in legal effect on the same plane as an escape \* \* \*. His status and rights were analogous to those of an escaped convict. \* \* \*" (Citing *Drinkall v. Spiegel,* supra.)

Finally, in *State ex rel Westlund v. Nehls,* 43 Wis 2d 379, 168 NW2d 866 (1969), the court said:

"\* \* \* [T]he Uniform [Criminal Extradition] Act clearly envisions and provides for the extradition as a fugitive from justice one who has violated the terms of his parole in the demanding state. \* \* \* [He is] in the status of a 'person charged with crime' \* \* \*."

Both Oregon and California have adopted the Uniform Criminal Extradition Act. ORS ch 147; Cal Penal Code, § 1548.1 et seq. The quoted precedents are applicable and sound; we have not been cited, and have not found, any authority indicating a contrary conclusion.

Affirmed.