Argued January 18, affirmed March 9, petition for rehearing
denied March 28, petition for review denied May 10, petition
for writ of certiorari denied by U.S. Supreme Court
December 11, 1972

# STATE ex rel HOOD, *Appellant, v.*
# PURCELL (No. 370-677), *Respondent.*

494 P2d 461

*Howard R. Lonergan,* Portland, argued the cause and filed the briefs for appellant.

*Jim G. Russell,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

This is an appeal by petitioner from a judgment remanding him to custody for extradition in a habeas corpus proceeding challenging the Governor of Oregon's warrant of extradition.

Petitioner was a parolee from the state of Washington where he had been convicted of robbery and sentenced to a maximum of 20 years. While on

parole he was released to Oregon officers and was brought to Oregon to answer a charge in Multnomah County. After the proceedings in Multnomah County were terminated, petitioner was released in Oregon and subsequently his parole was revoked by the Washington authorities and application by the Governor of Washington was made for petitioner's extradition to the state of Washington.

■ The Attorney General appeared as attorney for the respondent in this appeal and petitioner assigns as error this court's denial of his motion to strike the appearance and brief of the Attorney General. Petitioner contends that the "* * * Attorney General is limited to appearance for State and State Officers and cannot appear for County Officer such as respondent here." This assignment is without merit. ORS 180.060 (1), as amended by Oregon Laws 1971, ch 418, p 651, provides:

> "The Attorney General shall:
>
> "(a) Appear for the state in the trial of all civil and criminal causes in the Supreme Court or the Court of Appeals in which the state may be directly or indirectly interested.
>
> "* * * * * *"

It is true that the state is not named a defendant in this proceeding but the respondent sheriff has petitioner in custody pursuant to an extradition warrant issued by the Governor of Oregon. Respondent has only a nominal interest as custodian, and is not directly concerned with the resolution of the legal questions raised by petitioner. As is indicated by ORS ch 147, U. S. Const. Art IV, § 2, cl 2, and 18 USC § 3182, the Governor, as executive authority of the state, has a direct interest in the subject matter. The

importance of the interest of the state in this case is indicated by petitioner's challenge to the Governor's executive capacity to issue a rendition warrant. We hold that the state has a direct interest in this cause and the statute authorizes the Attorney General to appear for respondent.

■■ Petitioner asserts that the warrant issued by the Governor of Oregon is invalid because it was not issued by a neutral and detached magistrate.

> "Where regular upon its face, an executive warrant is prima facie evidence of the existence of every fact which the governor was obliged to determine before issuing it, and of compliance with all the requirements of statute. * * *" 31 Am Jur 2d 968, Extradition § 62.

The Governor in issuing the rendition warrant acts only in a quasi-judicial capacity. The usual presumption of regularity which attends official action renders the Governor's determination prima facie correct, and casts the burden on the accused to show the contrary. 39 CJS 548, Habeas Corpus § 39. There has been no showing of any irregularity whatsoever in the warrant attacked here.

■■ We turn now to petitioner's claim that the state of Washington waived jurisdiction over petitioner by delivering him to Oregon. The delivery of a prisoner to the authorities of another state does not constitute a waiver of jurisdiction to secure his return unless the record contains affirmative evidence of intentional waiver by the state. *Bishop v. Cupp,* 7 Or App 349, 490 P2d 524 (1971). Although he was a parolee, petitioner was a fugitive from justice for the purposes of extradition. *Hidalgo v. Purcell,* 6 Or App 513, 488 P2d 858 (1970), Sup Ct *review denied* (1971),

*cert denied* 405 US 957 (1972). There was no waiver of jurisdiction in this case.

■ Petitioner's final contention is that the court should examine into the basis of revocation of his parole by the Washington authorities. He claims that he should have been permitted to show that Washington State's parole revocation was based on invalid Klamath Falls, Oregon, municipal court convictions. Oregon courts have repeatedly held that in habeas corpus to attack the extradition warrant the only issue to be decided is the identity of the prisoner and the validity of his arrest; the courts have reiterated that they would not look behind the warrant or inquire into the guilt or innocence of the fugitive. *Stewart v. State,* 3 Or App 620, 475 P2d 600 (1970), Sup Ct *review denied* (1971). Courts in other asylum states have also refused to examine the sufficiency of grounds for the revocation or the pending revocation of parole or probation in the demanding state. *Powell v. Turner,* 167 Kan 524, 207 P2d 492, *cert denied* 338 US 835, 70 S Ct 41, 94 L Ed 509 (1949) ; *Self v. People,* 133 Colo 524, 297 P2d 887 (1956) ; *Application of Kirk,* 6 Ariz App 238, 431 P2d 678 (1967) ; *Ex parte Fraga-Buendia,* 433 SW2d 695 (Tex Cr App 1968) ; *Richardson v. State,* 90 Idaho 566, 414 P2d 871 (1966) ; *State ex rel Williams v. Littlefield,* 54 So2d 694 (Fla 1951).

No valid ground for the habeas corpus challenge of this extradition has been asserted by petitioner.

Affirmed.