THE PEOPLE *ex rel.* JESSE LEE JOHNSON, Petitioner-Appellant, *v.* RUSSELL OXFORD, Sheriff of Williamson County, Respondent-Appellee.

(No. 72-28;

Fifth District—June 29, 1972.

Bernard Arthur Paul, of Marion, for appellant.

Kenneth Powless, State's Attorney, for Marion, for appellee.

Mr. JUSTICE CREBS delivered the opinion of the court:

This is an appeal by Jesse Lee Johnson from an order of the Circuit Court of Williamson County denying his petition for a writ of *habeas corpus* and directing execution of an extradition warrant issued by the Governor of Illinois as the request of the Governor of Texas.

On October 25, 1968, while on parole from a Federal sentence, appellant was convicted of a criminal offense in the Criminal District Court of Dallas County, Texas, and was sentenced to imprisonment for eight years. On April 18, 1969, at the direction of the judge who presided at his trial, he was turned over to Federal authorities on his parole violation. Thereafter, he was transferred to a Federal penitentiary in Indiana and, eventually, to the Federal prison at Marion, Illinois. As the time approached for his release from the latter institution, Texas started the present extradition proceedings to obtain his return for completion of his Texas sentence.

It is appellant's contention that Texas should be restrained from obtaining custody over him and that the Circuit Court erred in denying his *habeas corpus* petition because, under the Uniform Extradition Act (Ill. Rev. Stat. 1955, ch. 60, par. 18, *et seq.*) Texas waived its jurisdiction over him when it released him to Federal authorities in 1969. In support of this contention he cites a number of cases holding that where a prisoner is serving a sentence in one state and is released to another state, other than for trial and immediate return, jurisdiction over his person is waived and he is entitled to his release. *People ex rel. O'Connor v. Bensinger*, 48 Ill.2d 440; *People ex rel. Barrett v. Bartley*, 383 Ill. 437; *Shields v. Beto* (5th Cir. 1967), 370 F.2d 1003.

The State does not dispute the holdings of these cases but argues that in this case Illinois is merely the asylum state and, as such, it should not decide the waiver of jurisdiction issue on its merits but should leave the adjudication of that question to Texas, the demanding state. This contention is fully supported by the decision of the Illinois Supreme Court in *People ex rel. Davis v. Farner*, 42 Ill.2d 261. In that case the same arguments were made as presented here, the factual situation was almost identical, even to the point that the return of the prisoner was sought by the State of Texas from Williamson County. The court distinguished the appellant's cases by calling attention to the fact that, in the case before it, the interest of Illinois arose only from the fortuitous circumstance that the prisoner was released from a Federal penitentiary located in this State, whereas the interest of the State of Texas was direct in that it sought the prisoner's return to complete his Texas sentence and it was that State's authority over him which was alleged to have been waived. Under such circumstances the court concluded that a

disinterested asylum State should not decide the merits of the claim, but that such question could most appropriately be determined by the courts of the demanding State.

Based on such precedent, the judgment herein of the Circuit Court of Williamson County is affirmed.

Judgment affirmed.

G. MORAN, P. J., and EBERSPACHER, J., concur.