Argued November 19, affirmed December 17, 1973

In the Matter of Edwards, Bruce, a Child.

## STATE ex rel JUVENILE DEPARTMENT OF MULTNOMAH COUNTY, *Respondent, v.* EDWARDS (No. 48,564), *Appellant.*

516 P2d 1303

*John C. Barrett,* Portland, argued the cause for appellant. With him on the briefs were Marmaduke, Aschenbrenner, Merten & Saltveit, Portland.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief

were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

LANGTRY, J.

This is an appeal from an order of the juvenile court providing for the return on requisition of an alleged delinquent juvenile to the State of Oklahoma. The juvenile's[1] brief seeks reversal, alleging that (1) the requisition from Oklahoma is defective and (2) the court erred because it heard no evidence from which it could conclude that the return is in the juvenile's best interests.

The amended requisition upon which the trial court acted is signed by an associate district judge of Oklahoma and is entitled "JUVENILE BUREAU DISTRICT COURT OF OKLA. COUNTY." The requisition is made pursuant to the Interstate Compact on Juveniles which has been adopted by Oregon in ORS 417.010 et seq. Oklahoma also has adopted the Interstate Compact.

The requisition is shown by the record to have been issued on the petition of the intake supervisor of the Juvenile Bureau of the District Court of Oklahoma County, not on the court's motion. The requisition alleges:

"* * * [T]his court finds said juvenile [Bruce Wayne Edwards] was born on December 19, 1954 and * * *. This person is presently being held by authorities in Portland, Oregon. He escaped from custody while awaiting trial at Oklahoma City[,]

[1] We term the subject a juvenile in this opinion, but he was over 18 years of age at the time of the proceedings below.

Oklahoma on July 12, 1972, on a charge of AT-
TEMPTED ROBBERY WITH FIREARMS com-
mitted on June 6, 1972 when he was 17 years of age.

"This court further finds that said juvenile
should rightfully be in the custody of BOB TUR-
NER, SHERIFF OF OKLAHOMA COUNTY * * *
that said juvenile has run away without permission
or consent; and that said juvenile's continued ab-
sence * * * is detrimental to the best interests of
said juvenile and the public."

Art IV of the Interstate Compact on Juveniles pro-
vides in pertinent part as follows:

"(a) * * * [T]he * * * agency entitled to
legal custody of a juvenile who has not been ad-
judged delinquent but who has run away * * *
may petition the appropriate court in the demanding
state for the issuance of a requisition for his return.
The petition shall state the name and age of the
juvenile, the name of the petitioner and the basis of
entitlement to the juvenile's custody, the circum-
stances of his running away, his location if known
at the time application is made, and such other facts
as may tend to show that the juvenile * * * is en-
dangering his own welfare or the welfare of others
and is not an emancipated minor. * * * The judge
of the court to which this application is made may
hold a hearing thereon * * *. If the judge de-
termines, either with or without a hearing, that the
juvenile should be returned, he shall present to
the appropriate court * * * of the state where the
juvenile is alleged to be located a written requisition
for the return of such juvenile. *Such requisition
shall set forth the name and age of the juvenile, the
determination of the court that the juvenile has run
away without the consent of * * * agency entitled
to his legal custody, and that it is in the best interest
and for the protection of such juvenile that he be
returned.* In the event that a proceeding for the
adjudication of the juvenile as a delinquent * * *
is pending in the court at the time * * * the court

may issue a requisition for the return of such juvenile upon its own motion \* \* \* reciting therein the nature and circumstances of the pending proceeding. The requisition shall in every case \* \* \* be signed by the judge. \* \* \* If the judge of such [requisitioned] court shall find that the requisition is in order, he shall deliver such juvenile over to the officer whom the court demanding him shall have appointed \* \* \*.

"\* \* \* \* \*." (Emphasis supplied.)

The first contention is that the requisition must, but does not, state the "nature and circumstances" of the proceeding in Oklahoma, and facts from which it can be concluded that he is not an emancipated minor.

■ A simple reading of the language copied above from Art IV of the Compact tells us that this contention is frivolous. The only part of Art IV which applies to the form of the requisition in this case is that which we have emphasized above. The excerpts from the amended requisition above disclose the name and age of the juvenile, a determination that he has run away without consent and that it is in the best interests of the juvenile and the public that he be returned. That is all that is necessary.

■ The second allegation of error is that no evidence was taken by the Oregon trial court upon which to base a finding that the juvenile's return is in his best interests. The simple answer to this is that there is no requirement in the Compact that there be any such evidentiary hearing. Obviously, this is a determination to be made by the requisitioning court, and such determination is stated in the requisition.

This appeal is utterly devoid of merit. The original requisition was filed on January 4, 1973. On

urging of counsel for the juvenile, the trial court requested that an amended requisition should be filed. As a result, the one which we have quoted above was filed. The first requisition was adequate, and the amended one was unnecessary. It is time the requisition be honored.

Affirmed.