Argued February 21, affirmed March 18, petition for rehearing denied April 10, petition for review denied April 30, 1974

AULT, *Appellant, v.* PURCELL (No. 393-359), *Respondent.*

AULT, *Appellant, v.* PURCELL (No. 393-360), *Respondent.*

GILBERT, *Appellant, v.* PURCELL (No. 393-361), *Respondent.*

519 P2d 1285

*Elden M. Rosenthal,* Portland, argued the cause for appellants. With him on the brief was Pozzi, Wilson & Atchison, Portland.

*Jim G. Russell,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and TANZER, Judges.

TANZER, J.

This is a consolidated appeal of three orders dismissing writs of habeas corpus and remanding the petitioners for extradition. Except as noted, the cases present identical issues.

The petitions allege in conclusory fashion that the extradition papers do not comply with statutory requirements, that the governor, as a non-judicial officer, cannot issue a constitutionally valid warrant, and that the petitioners are therefore wrongfully held.

They do not deny the truth of the requisition or warrant. Nor do they allege that the petitioners are not the persons named in the warrant.

■ As to the contention that the Governor of Oregon is constitutionally incompetent to issue a warrant because he is not a judge, we reaffirm our holding in *State ex rel Hood v. Purcell,* 8 Or App 532, 535, 494 P2d 461, *rev den, cert den* 490 US 1061 (1972), to the contrary.

■ The process of accusation and conviction of a crime is a judicial function which is to be performed in the demanding state. When, as here, criminal defendants escape from custody, apprehension is an administrative, not a judicial, function. *Cf. Fredericks v. Gladden,* 211 Or 312, 315 P2d 1010 (1957). The extradition process is one of comity whereby the executive officer of one state may assist the executive officer of another state in performing the administrative function of apprehension. The happenstance existence of a state line between those two executive officers does not convert an administrative duty into a judicial one. Whether intrastate or interstate, the acts of the administrative branch of government are designed to aid the jurisdiction of or to enforce determinations of the courts of the demanding state. Petitioners' claim that they are entitled to a judicial determination of probable cause before they may be arrested on an extradition warrant reflects a misperception of the nature of the extradition process. The process is founded on United States Constitution Art IV, § 2,[1] not upon the Fourth Amendment.

---

[1] "A Person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in

In support of their allegation that the extradition papers are statutorily deficient, petitioners argue in two of the cases that the documents attached to and in support of the Requisition of the Governor of California do not disclose probable cause to justify their arrest.

Petitioners acknowledge our holding in *State ex rel Hood v. Purcell,* supra, that:

> "* * * The Governor in issuing the rendition warrant acts only in a quasi-judicial capacity. The usual presumption of regularity which attends official action renders the Governor's determination prima facie correct, and casts the burden on the accused to show the contrary. 39 CJS 548, Habeas Corpus § 39. There has been no showing of any irregularity whatsoever in the warrant attacked here." 8 Or App at 535.

They contend, however, that the presumption of regularity of the warrant is overcome because of the incompetency of the affidavits attached to the requisition which allege that the petitioners escaped from custody. In all three cases the requisition is accompanied by copies of information of felonies, judgments of conviction and sentences for those crimes, and affidavits in the name of the superintendent of a California correctional institution asserting that they had escaped from custody. In the two cases in issue, the affidavits are signed by the associate superintendent in the name of the superintendent. The sufficiency of those documents must be measured against the appropriate Oregon statute.

another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime."

ORS 147.030 provides:

"*No demand for the extradition of a person charged with crime in another state shall be recognized by the Governor unless in writing and accompanied* by a copy of an indictment found or by an information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon; or *by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement* or has broken the terms of his bail, probation or parole. The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy of indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the executive authority making the demand." (Emphasis supplied.)

The Requisition of the Governor of California in each case recites that he, the Governor, certifies that the attached documents are authentic, that the petitioner was charged with and convicted of various felonies committed in California and that

"* * * it has been represented and is satisfactorily shown to me that the accused was present in this state at the time of the commission of said crime and thereafter escaped and fled from the justice of this State and has taken refuge and is now to be found in the state of Oregon."

As the Supreme Court held in *State ex rel Zitek v. Clark,* 244 Or 111, 112-113, 416 P2d 3 (1966),

"The recitals in the rendition warrants that plaintiffs are fugitives from justice are presumed

to be true. The burden of overcoming such a presumption is on plaintiffs. * * *"

■ The signature of an affidavit in the name of the superintendent of the correctional institution by the associate superintendent is not a defect which would overcome the presumption of truth of the recitals, *State ex rel Zitek v. Clark,* supra, or of regularity, *State ex rel Hood v. Purcell,* supra. Unless petitioner can prove otherwise, the certification in the requisition establishes validity of the affidavits. *Mays v. Shields,* 251 Or 168, 444 P2d 949 (1968).

The petitioners were all apprehended prior to May 31, 1973. Lawyers and judges have now spent almost ten months of disputation over the technical quality of the supporting papers when, because no issue of substance has been alleged, we may presume that no issue of substance exists. The litigatory process of technical challenge to extradition papers where no issue of substantive justice is involved, although allowed by statute, is a waste of time, manpower and public money. Even were petitioners successful, the asserted error in this case, as in most preceding extradition cases, is of a hypertechnical nature that can be easily corrected upon remand. Thus, even were they to prevail, there would be no substantial benefit to petitioners except that benefit which may accrue to them from the delay of their return to a demanding state.[2]

Affirmed.

---

[2] *State ex rel Yarbrough v. Snider,* 252 Or 35, 448 P2d 379 (1968), and *State ex rel Yarbrough v. Snider,* 2 Or App 97, 465 P2d 739, *rev den* (1970), in which extradition was delayed for over two years while some documents were reissued in good form. *Cf. State ex rel. Juv. Dept. v. Edwards,* 15 Or App 677, 680-81, 516 P2d 1303 (1973).