Argued June 26, affirmed July 22, 1974

GRANT (No. 86098), *Appellant, v.*
SHOBE, *Respondent.*
524 P2d 550

*Arthur B. Knauss,* Milwaukie, argued the cause and filed the brief for appellant.

*Jim G. Russell,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

SCHWAB, C. J.

This is an appeal from an order "denying" a writ of habeas corpus by which the plaintiff sought to challenge an extradition warrant on the ground that the documents forwarded by the demanding state, California, were defective under both state and federal law.[1] Assuming, without deciding, that the federal extradition statute is relevant, we find that its terms as well as the terms of the Oregon statute have been met, and that extradition is proper.

The federal extradition statute provides:

> "Whenever the executive authority of any State * * * demands any person as a fugitive from justice, of the executive authority of any State * * * to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State * * * charging the person demanded with having committed * * * a felony * * * certified as authentic by the governor * * * of the State * * * from whence the person so charged has fled, the executive authority of the State * * * to which such person has fled shall cause him to be arrested and secured * * *." 18 USC § 3182.

---

[1] There is no issue of identity in this case as the "plaintiff" admits that he is the person sought by the California authorities.

Oregon sets out the form a demand for rendition shall take in ORS 133.753:

"No demand for the extradition of a person charged with crime in another state shall be recognized by the Governor unless in writing and accompanied by a copy of an indictment found or by an information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon * * *."

The documents forwarded to the Governor of Oregon include a written extradition request and certification of authenticity by the Governor of California, a certified copy of a felony complaint charging plaintiff with escape, and affidavits executed by police officers some three weeks after the execution of the felony complaint setting out facts supporting the felony complaint.

■■ The gist of plaintiff's argument is that the felony complaint is actually an information and, as such, it does not meet the express requirements of the federal statute or certain authenticity requirements of the Oregon statute. We do not agree with the characterization of the document as an information. The felony complaint is in form and substance an affidavit sworn to before a magistrate charging plaintiff with escape, a felony.[8] The requirements of both the federal and Oregon statutes have been met.[9] The

---

[8] There is no requirement that there be a judicial determination of probable cause before extradition takes place. *See,* Ault/Gilbert v. Purcell, 16 Or App 664, 519 P2d 1285, Sup Ct *review denied* (1974).

[9] Our characterization of the felony complaint as an affidavit made before a magistrate should not be construed as an inference that we would have reached a different result had we determined that the felony complaint was, in fact, an information. *See,* Ault/Gilbert v. Purcell, supra.

supporting documents forwarded from California are surplusage and any alleged irregularity in their form cannot constitute a basis for relief.

Affirmed.