Argued and submitted March 17, affirmed May 5, 1980

STATE OF OREGON,
*Respondent,*
*v.*
STEVEN HARRY BEIRLEY,
*Appellant.*

(No. C 79-07-32551, CA 15854)
(No. C 78-05-07117, CA 15865)
(cases consolidated)
610 P2d 1233

James E. Mountain, Jr., Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

John C. Bradley, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Joseph, Warden and Warren, Judges.

WARDEN, J.

---

* Schwab, C.J., not participating.

## WARDEN, J.

This is a consolidation of two appeals. Defendant seeks reversal of his conviction for failure to appear in the first degree and of an order revoking probation related to a prior robbery conviction. We affirm.

In 1970, in the state of Washington, defendant was convicted of second degree burglary. After a period of imprisonment, he was paroled. He left Washington in 1974 without permission and took up residence in Oregon. In May, 1978, he was indicted in Multnomah County for second degree robbery. He pleaded guilty to that charge. Imposition of sentence was suspended on September 11, 1978, and defendant was placed on five years' probation.

Washington parole authorities issued a warrant for his arrest for violation of the terms of his parole in December, 1978. Defendant was arrested on a fugitive complaint three months later, in Multnomah County. He was released on his own recognizance and ordered to appear on June 15, 1979, to accept service of a governor's extradition warrant. Defendant appeared at the appointed date and informed the court he would not contest extradition. He did request that he be allowed some time to wind up personal affairs before extradition. The court therefore ordered him to surrender on June 18, 1979.

On June 18, defendant did not appear when his extradition matter was called. The matter was continued until the following day. Defendant again failed to appear.

Defendant was indicted for his failure to appear in the extradition matter. The indictment alleged as follows:

"The above-named defendant is accused by the Grand Jury of Multnomah County, State of Oregon, by this indictment of the crime of FAILURE TO APPEAR IN THE FIRST DEGREE committed as follows:

"The said defendant, on or about June 18, 1979, in the County of Multnomah, State of Oregon, having been charged with the crime of Burglary in the Second Degree, a felony, and convicted thereof, and having been charged by fugitive complaint in Multnomah County, Oregon, as a fugitive from the justice of the State of Washington on a charge of parole violation after parole from the sentence imposed on said conviction, and having been released from Multnomah County Jail by an order of the Circuit Court of the State of Oregon for Multnomah County dated on or about March 15, 1979 upon a release agreement, upon the condition that said defendant would subsequently appear personally in connection with said charge, did unlawfully and intentionally fail to appear as required, contrary to the Statutes in such cases made and provided and against the peace and dignity of the State of Oregon."

In a trial to a court, defendant was found guilty and convicted on the above charge.

On October 2, 1979, the judge who had placed defendant on probation for the robbery revoked that probation. The judge told defendant that one of the reasons for the revocation was that defendant had failed to return to court after he had been released on his own recognizance.

With regard to his conviction for failure to appear, defendant argues that his demurrer to the indictment should have been sustained because the facts alleged in the instrument do not constitute a crime. He also contends that the trial court should have granted his motion for a judgment of acquittal because the evidence at trial had not supported the charge.

The offense of failure to appear, with which defendant is charged, is codified in ORS 162.205, which provides in pertinent part:

"A person commits the crime of failure to appear in the first degree if, having by court order been released from custody or a correctional facility upon a release agreement or security release upon the condition that he will subsequently appear personally in

connection with a charge against him of having committed a felony, he intentionally fails to appear as required."

In *Hildalgo v. Purcell,* 6 Or App 513, 488 P2d 858 (1971) cert. denied, 405 U.S. 957 (1972), we held that one who had been convicted of a crime in another state and who violated a condition of parole by moving to Oregon without permission was still charged with the crime for which he had been convicted and sentenced. Thus that person, "charged in that [other] state with crime," could be extradited. Former ORS 147.020, now ORS 133.747. We noted in that case that this issue had arisen in cases in other jurisdictions, most notably *Drinkall v. Spiegel,* 68 Conn. 441, 447-448, 36 A. 830, 831, 36 L.R.A. 486 (1896). Addressing the identical question, the Connecticut Supreme Court of Errors reasoned that a charge remained against a person until sentence was satisfied:

"The expression 'charged with,' as applied to a crime, is sometimes used in a limited sense — intending the accusation of a crime which precedes a formal trial. In a fuller and more accurate sense the expression includes also the responsibility for the crime * * * * A person can be said to be charged with crime as well after conviction as before. The conviction simply establishes the charge conclusively. An unsatisfied judgment of conviction still constitutes a 'charge,' within the true intent and meaning of the Constitution. An indictment or affidavit merely *presents* the charge, while a conviction *proves* it."

This defendant was still under a charge of burglary for purposes of extradition and, when he did not appear to accept service of the extradition warrant, he failed to appear "in connection with a felony charge." The indictment did include the fact that defendant had been charged with burglary, a felony, and, therefore, it did allege facts which constitute failure to appear in connection with a charge of having committed a felony. The trial court thus properly overruled defendant's demurrer and denied his motion for a judgment of acquittal.

[77]

Defendant bases his appeal from his probation revocation upon the premise that he could not be convicted of failure to appear. Assuming that, defendant argues that the court could not consider the conviction in making its revocation decision. Our disposition of defendant's first appeal answers this argument.

Affirmed.