Lyman H. Smith, J.
The defendant, Michael Applewhaite, moves to dismiss the second count of the indictment on the ground that it “ fails to state facts sufficient to constitute a violation of Penal Law. Sec. 195.00.”
In the second count of the indictment, the defendant is charged with committing the crime of official misconduct which is defined in section 195.00 of the Penal Law as follows: “A public servant is guilty of official misconduct when, with intent to obtain a benefit or to injure or deprive another person of a benefit: 1. he commits an act relative to his office but constituting an unauthorized exercise of his official functions
It is alléged in the indictment that the defendant, a correctional officer, aided and abetted by others, assaulted an individual who had been placed in the Nassau County Jail as an inmate.
The defendant contends that this alleged act of assault on an inmate is not “ an act relating to his office ” as a correctional officer. He states his argument as follows: ‘ ‘ Unless assault is an act relating to his office, that is, unless striking an inmate is a part of the office of correction officer as a public servant, the allegations of the second count of the indictment are not legally sufficient.”
The issue thus presented by this phase of the defendant’s motion can be stated as follows: May an unauthorized act of a public servant nevertheless, relate to his office within the meaning of section 195.00 of the Penal Law?
The defendant argues that this provision of the statute should not be given such a broad interpretation. He urges the court to adopt a stricter construction and to hold in effect that a public servant’s “act relates to his office” only when the act is within th'e proper scope of his duties.
The interpretation suggested by the defendant cannot be adopted for several reasons.
*643 First, the court notes that the rule of strict construction which usually applies to penal statutes should not be applied to the provision of the New York Penal Law. Section 5.00 of the Penal Law states: “ The general rule that a penal statute is to be strictly construed does not apply to this chapter, but the provisions herein must be construed according to the fair import of their terms to promote justice and effect the objects of the law.”
Secondly, (and this now brings us to the crux of the matter) the narrow interpretation urged by the defendant would render section 195.00 of the Penal Law meaningless. Under such a narrow view of the statutory provisions an “ unauthorized ” act of a public servant (as one beyond the precise scope of his official duties) would never relate to his office. Consequently, a public servant who committed an unauthorized act would never be guilty of official misconduct since the statute requires that the act relate both to his office and constitute an unauthorized exercise of his official functions.
Obviously there are myriad circumstances in which the acts of a public servant may be deemed to be “unauthorized”. Many, as Professor Richard G. Denzer points out in the Practice Commentary (McKinney’s Cons. Laws of N.Y., Book 39, Penal Law, § 195.00), are “ unauthorized ” because they are ‘ declared to be such by statute, ordinance, rule, regulation or otherwise.”
Thus, a criminal “ offense ”, declared such by statute (Penal Law, § 10.00, subd. 1), constitutes an “ unauthorized act ” whenever such offense arises from and relates to the function of the perpetrator’s public office, and particularly so, whenever such offense occurs while the public servant is “on duty”, or for that matter, whenever such offense occurs, either directly or indirectly, in the course of the public servant’s work, employment, or duty. To hold otherwise would destroy respect for public service, encourage civic irresponsibility and would ultimately destroy public trust in all public offices. In the broadest sense, it is the inherent danger and resultant damage to the public office itself, which the statute brands as official misconduct (Penal Law, § 195.00) and which it seeks to proscribe.
From the foregoing it is clear that an unauthorized act of a public servant may relate to his office within the meaning of section 195.00 of the Penal Law and thus, the second count of the indictment, charging the defendant, a correctional officer, with official misconduct for assaulting an inmate of the Nassau *644 County Jail, is not defective as pleaded. Accordingly, the defendant’s motion to dismiss count number 2 for insufficiency is denied.