Honorable Thomas A. Coughlin, III Commissioner Department of Correctional Services
You have asked whether correction officers employed by the Department of Correctional Services are public officers subject to the provisions of the Public Officers Law and whether any other persons in the employment of the Department are public officers. The latter question is very broad and requires a working knowledge of the bureaucratic structure of the Department and the specific functions of its members. In answering your first question we will provide you with information that will guide you in making judgments concerning the status of other persons in the department.
The Public Officers Law defines a State officer as "every officer for whom all the electors of the state are entitled to vote, members of the legislature, * * * and every officer, appointed by one or more state officers * * * and authorized to exercise his official functions throughout the entire state, or without limitation to any political subdivision of the state * * *" (§ 2). Since the Commissioner of the Department of Correctional Services is appointed by the Governor by and with the advice and consent of the Senate (Correction Law, § 5), it follows that the Commissioner and any officers appointed by him are state officers within the meaning of section 2.* However, a determination whether an appointee is an officer, rather than an employee, requires a judgment whether the powers, duties, qualifications and other characteristics of his job make him an officer rather than an employee.
The distinction between a public office and public employment is not always clear (Matter of Dawson v Knox, 231 App. Div. 490, 492 [3d Dept, 1931]). The duties of a public official involve some exercise of sovereign power, while those of a public employee do not (ibid.; Matterof Haller v Carlson, 42 A.D.2d 829 [4th Dept, 1973]). The statutory designation of a position as an "office" is some indication that the legislative body intended to treat its occupant as a public officer (cf.Matter of MacDonald v Ordway, 219 N.Y. 328, 332 [1916]; Matter of Hallerv Carlson, supra, p 830). Other indicia of a public office are the requirement to take an oath of office or file bonds; appointment for a definite term, and receipt of a commission of office or official seal (Macrum v Hawkins, 261 N.Y. 193, 200-201 [1933]).
In a previous opinion of this office we compared a public office to a position of employment.
 "`Office' implies the obligation of a portion of the sovereign powers to, and the possession of it by, the person filling the office; and the exercise of such powers within legal limits constitutes the correct discharge of the duties of such office. The employee does not discharge independent duties but acts by the direction of others. The word `employee,' used in a public sense, does not signify an agent or one vested with discretion as to the mode of performing his duties. Where the relation is one of master and servant we have the `employee,' but the words `public officer' suggest the relation of principal and agent. The duties of a State officer are not prescribed by contract but by statute. A State officer includes every officer appointed by a State officer and authorized to exercise his functions throughout the State without limitation to any subdivision thereof. He is included in the classification of State officers or named in the statute with official duties to perform." (1911 Op Atty Gen 452.)
Section 2.10 of the Criminal Procedure Law is an exclusive list of those persons possessing the powers and status of the peace officer. Listed there are:
 "Officials, as designated by the commissioner of the department of correctional services pursuant to rules of the department, and correction officers of any state correctional facility or of any penal correctional institution." (Id., § 2.10[25].)
Among the powers of peace officers are the power to make warrantless arrests; to use physical force and deadly physical force in making an arrest or preventing an escape; to carry out warrantless searches when constitutionally permissible; to issue appearance tickets; and the power to possess and take custody of firearms (id., § 2.20[1], [2], [3], [4] and [8]). Generally, the exercise of these powers is narrowed to those times when a peace officer is acting pursuant to his special duties (ibid.; id., § 2.20[9]). The special duties of peace officers employed by the Department of Correctional Services have been defined by regulation (7 NYCRR 57.5). These duties are in part as follows:
 "Peace officers employed by the department shall be deemed to be acting pursuant to their special duties for the purposes of section 2.20(9) of the CPL, when in the course of their specifically assigned duties as employees of the Department of Correctional Services they are acting to maintain the custody, control and supervision of an inmate or in apprehending an inmate of the department.
 "Employees having peace-officer status shall be provided firearms from the department's arsenals when necessary to carry out their special duties as defined in subdivision (a) of this section. No employee of the department shall be deemed to be acting pursuant to his special duties while in possession of a privately owned or possessed firearm, except where such employee is acting to apprehend an inmate of whom he has personal knowledge who has escaped or is in the process of escaping."
The courts have found that peace officers are public officers (Dempsey vNew York Central and Hudson River Railroad Company, 146 N.Y. 290, 293
[1895]; Fishbein v State of New York, 282 App. Div. 600, 603 [3d Dept, 1953]; Jacobson v State, 69 Misc.2d 114, 116 [Ct of Claims of New York, 1970]). Also, provisions of the Public Officers Law apply to correction officers of the City of New York (Public Officers Law, § 3[9]; Matterof Toro v Malcolm, 44 N.Y.2d 146 [1978], cert denied 439 U.S. 837
[1978]). It has been found that a correction officer at a county jail is a public officer who may be charged with the crime of official misconduct (People v Volpicello, 72 Misc.2d 641 [Co Ct, Special Term, Nassau Co, 1972]).
These authorities and the broad powers of peace officers would tend to support the proposition that correction officers, and other persons in the employ of the Department of Correctional Services who are designated peace officers by the Commissioner in accordance with rules of the Department (see 7 NYCRR 50.1) are state officers within the meaning of section 2 of the Public Officers Law. However, with the broad amendments effectuated by chapter 843 of the Laws of 1980, the powers of peace officers have been "keyed more narrowly and clearly than before" to those times when the officer is acting pursuant to his special duties (Bellacosa, Practice Commentary, McKinney's Criminal Procedure Law, § 2.20; id., § 2.20[3], [4], [5], [6], [7], [8] and [9]). The Department, through its regulations has defined when a peace officer in its employment acts pursuant to his special duties (7 NYCRR 57.5). They do "when in the course of their specifically assigned duties as employees of the Department of Correctional Services they are acting to maintain the custody, control and supervision of an inmate or in apprehending an inmate of the department" (ibid.). These peace officers may possess Department firearms only when necessary to carry out their special duties (ibid.).
Under the above regulations and statutory authority, peace officers employed by the Department may have wide ranging duties. While some will undoubtedly have supervisory roles with broad authority, others will simply carry out the directives of others. Between these extremes will fall others who possess varying degrees of authority. The availability of peace officer powers will vary, depending upon the duties of the officer.
As we emphasized earlier, public officers exercise a portion of the sovereign's powers. They are vested with discretion as to the mode of performing their duties. By contrast, employees act by the direction of others, and do not discharge independent duties. We believe it is necessary to examine the peace officer positions in the Department to determine which are vested with the attributes of public office.
It is obvious that the Commissioner of the Department of Correctional Services, as an appointee of the Governor who has charge of the correctional system of the State and thereby exercises sovereign powers, is a public officer of the State. We believe that any appointees of the Commissioner who are delegated any portion of this sovereign power are also public officers of the State. We previously stated other indicia of status as a public officer, but we believe it is clear that without authority to exercise some portion of the State's sovereign power, a person does not qualify as a public officer (Matter of Haller v Carlson,supra).
You have raised these questions to determine which personnel in the Department are subject to section 30(1)(e) of the Public Officers Law, which provides that a public office becomes vacant upon the conviction of the incumbent of a felony or of a crime involving a violation of his oath of office. Enclosed for your information is a copy of Op Atty Gen (Inf) 83-22, which construes that section.
We conclude that certain correction officers employed by the Department of Correctional Services and certain other persons in the Department who have been designated as peace officers by rules of the Department are public officers subject to the provisions of the Public Officers Law.
* Some correction officers and other persons in the Department are assigned to particular locations in the State. However, if the Commissioner assigned them to duties elsewhere in the State where the Department functions, they would be "authorized to exercise" their official functions within the meaning of section 2.